LAND TITLE GUARANTEE AND TRUST CO., APPELLEE, *v.* ESSEX, APPELLANT.

(No. 2497—Decided March 23, 1977.)

*Mr. Joseph R. Grunda,* prosecuting attorney, and *Mr. Donald F. Carek,* for appellant.
*Mr. Richard F. Stevens,* for appellee.

BELL, J. This case was tried before the Court of Common Pleas of Lorain County on the stipulation of the par-

ties as to the operable facts involved and the briefs of the parties.

Beginning in 1945, plaintiff, the appellee herein, began copying land title information from the recorder's records by means of certain camera equipment. This manner of obtaining information continued until 1973, when the recorder prohibited further use of such equipment and offered instead to produce and furnish copies of the information desired by plaintiff, at a minimal charge, using the equipment in the recorder's office.

Plaintiff brought this action asking for permission to continue to copy the records in question by means of plaintiff's own camera equipment, as opposed to the recorder's furnishing of copies.

Defendant answered that (1) she had never denied plaintiff the right to inspect the records in question; (2) she did not, at any time, refuse to make copies of such records for plaintiff; and (3) she charged plaintiff the same amount charged to all other members of the public for the same service. The record shows clearly that these contentions are, indeed, true and correct.

On the basis of the stipulation of fact and briefs of the parties, the trial court granted the plaintiff's request. The defendant appeals that judgment and sets forth a single assignment of error:

"The court erred in finding that the Plaintiff-Appellee could use any method of its own choice with which to copy public records maintained in the office of the Defendant-Appellant, including a compact, self-contained, hand-carried camera."

R. C. 149.43 defines the term, "public record" and further reads:

"All public records shall be open at all reasonable times for inspection. Upon requests, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

There is no question that the recorder has properly observed the mandate of the law concerning the inspection of records under her control and that she did, with impar-

58

tiality, levy a charge for supplying copies to plaintiff equal to the charge levied upon all others in the community who used the service of defendant's office. Thus, there is no question here that the records were open. The question before us involves the plaintiff's right to produce its own copies of the records at its own cost, one substantially lower than the defendant's.

The statute quoted, the meaning of which we seek to clarify here, speaks of the record user's right to inspect, not specifically of his right to copy. The statute then speaks to the duty of the person responsible for the records to make copies of those records available.

We hold that the statutory right to inspect incorporates within its meaning the right to copy such records within reasonable limitations. *State, ex rel. Patterson,* v. *Ayers* (1960), 171 Ohio St. 369, 371; *State, ex rel. White,* v. *Cleveland* (1973), 34 Ohio St. 2d 37. *White, supra,* deals with R. C. 149.43 and states that "the statute establishes the public right to the inspection and copying of public records." We hold that this reasoning applies to county offices as well as to municipal offices (as in *White*).

The remaining question concerns only the method of copying the material. We find no error in the lower court's decision which, in addition to the order permitting the record copying, orders that the process be allowed under reasonable rules made by defendant, so that the public records may be safely preserved and the orderly administration of defendant's office be maintained.

*Judgment affirmed.*

MAHONEY, P. J., and VICTOR, J., concur.