## STATE ex LOZIER v DEIBEL et

Ohio Appeals, 9th Dist, Medina Co

No 122.   Decided Jan 5, 1933

Raymond B. Bennett, Medina, and W. A. Caine, Wadsworth, for plaintiff in error.

Stetson & Butler, Elyria, for defendants in error.

PER CURIAM

The motion of the defendants in error to dismiss the proceedings in this court, for the reason that error proceedings cannot be prosecuted from a judgment in a chancery case, is overruled.   And likewise the motion to dismiss, on the ground that there was no final judgment in the Court of Common Pleas, is overruled.

It is contended that the county auditor failed to certify that the money estimated necessary for said contract was in the treasury and not appropriated for any other purpose, as required by §5625-33 GC.

The record discloses that the commissioners advertised for bids, and on April 4, 1932, awarded the contract to the Allied Supply Co., and that the contract so awarded was signed by the commissioners and the Supply Co. on the 9th day of April, 1932,

and at that time the provisions of §5625-33 GC as to auditor's certificate were not complied with, and the bond required to be given by the Supply Co. under the contract was not given at that time.

The Supply Co. began operations under the contract, and on April 30, 1932, was paid nearly $4,000 under the contract. Said taxpayer's suit was begun on May 5, and on May 10, just before the court hearing in the case, the Supply Co. gave the bond required by the contract, and the auditor, in the presence of the commissioners, signed a certificate attached to the contract, stating that the amount mentioned in the estimate under said contract, amounting to almost $14,000, was in the treasury to the credit of the proper fund and not appropriated for any other purpose, and on the same day the contract was approved by the prosecuting attorney, and on the same day the Supply Co. paid back into the treasury the $4,000 payment which it had illegally received, and on the same day, after said bond and certificate had been made, said $4,000 was again paid to the Supply Co.

On the next day the case came on for hearing in the Common Pleas Court.

It will be noted that said certificate is the certificate that is required when a contract is entered into, and is not the form of certificate permitted to be made after the contract is entered into for the purpose of obtaining payment under a contract that lacked such certificate when it was entered into, as is provided for in §5625-33 GC. When the certificate is made before or at the time the contract is entered into, it is to the effect that the money is in the treasury, etc. When it is made after the contract has been executed and for the purpose of receiving pay under the contract, the certificate is required to state, not only that the money is in the treasury, etc., but that it was in the treasury, etc., unappropriated for any other purpose, at the time the contract was made.

This certificate did not state that the money was in the treasury or in the process of collection at the time the contract was made, but the testimony of the auditor which was taken the next day after the certificate was made, shows not only that the money was then in the treasury, but that it had been there for more than a year, and the certificate in question, which had just been made, was before the court, as was the auditor and all of the interested parties, and it is very evident that the facts fully warranted and justified the making of a proper certificate and that the court treated said certificate as being amended so as to show the true state of facts. The court could have formally permitted said certificate to be amended by the auditor, who was then in court, or could have permitted the filing of a new certificate stating the facts, and then the court would have been justified in refusing to declare the contract illegal and void because of the lack of a proper certificate; and if the judgment herein were reversed and the cause remanded, a new and correct certificate could still be filed. Under all the circumstances as shown by the record, we do not think that the court committed any prejudicial error in considering the certificate as amended in accordance with the undisputed facts shown by the evidence.

Upon that hearing the court treated the case as submitted upon the merits and rendered judgment for the defendants, but later set aside that judgment, and a more complete hearing was had on June 8th, and thereafter the court rendered the same judgment; but in the meantime the contract had been fully carried out and performed by the Supply Co. to the full satisfaction and approval of the proper county officials. No further payments have been made, and if the judgment of the Common Pleas Court is not erroneous, a proper certificate can now be filed and the commissioners can pass the resolution provided for in §5625-33 GC for the payment of the balance due under the contract.

It is claimed that the materials furnished in the performance of the contract were not of the quality specified in the contract, and that, for that reason, the Supply Co. should have been enjoined from carrying out the contract, and that the commissioners should have been enjoined from paying the Supply Co. under the contract.

There was a conflict in the evidence in reference to the quality of the materials furnished, and we are unable to say that the finding of the trial court in reference to said matter is manifestly wrong.

It is also claimed that the trial court erred in refusing a jury trial.

The case being a chancery case, this claim is not well taken.

The trial court found that there was a good cause of action at the time the petition was filed and assessed the costs upon the defendants, and we approve of that also.

Finding no prejudicial error in the record, the judgment is affirmed.

PARDEE,, PJ, WASHBURN and FUNK, JJ, concur in judgment.