BRAUER, PLAINTIFF-APPELLANT, *v.* CLEVELAND (CITY) ET, DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26332.   Decided June 27, 1963.

*Mr. Henry Du Laurence* and *Mr. William R. Van Aken,* for plaintiff-appellant.

*Mr. Bronis J. Klementowicz,* law director, *Mr. Richard J. Marco* and *Mr. Marvin N. Halpern,* for defendants-appellees.

J. J. P. CORRIGAN, J. Appeal is made to this court in this case on questions of law from an order and judgment of the Court of Common Pleas of Cuyahoga County sustaining a demurrer to the second amended petition of plaintiff. Plaintiff filed the action in her representative capacity as a taxpayer, for herself and all other taxpayers similarly situated, under the provisions of Sections 733.56 to 733.59, inclusive, Revised Code.

Plaintiff is the owner of an interest in several "row houses" located at 8002-04-06 Lake Avenue and 1316-18-20 West 80th Street in Cleveland. A duly enacted ordinance of the City of Cleveland, namely, Section 6.1101, et seq. of the Housing Code, effective April 6, 1960, requires "Certificates of Occupancy" for all multiple dwellings in the city as a condition precedent for offering any suites therein for rent. It is provided that the Commissioner of Housing of the city shall enforce this ordinance. Plaintiff was notified by said Commissioner after the enactment of this ordinance that she was required to obtain Certificates of Occupancy for both of the aforementioned row houses before she could rent them.

Plaintiff claims in her second amended petition that she fails to find a provision in the Housing Code or any other ordinances of the City of Cleveland requiring an owner of a "row house" to obtain such a certificate of occupancy before renting

a section of such "row house"; nor does she find any provision in the Housing Code permitting the Commissioner of Housing to make such demands against herself and other owners of row housing.

It is also pleaded by plaintiff in this second amended petition that the Building Code of the City of Cleveland defines residential occupancy as follows:

"Sec. 5.1516 (a) Residential occupancy—dwelling house classification shall include dwelling houses and row houses." and that Section 5.1102 (13) defines a multiple dwelling as follows:

" 'Dwelling multiple' is a dwelling other than a 'dwelling house' or a 'row house,' or institution occupied in whole or in part as a residence. It shall include apartment houses, rooming houses, hotels and other buildings classified as Class A and Class B multiple dwellings."

It is further pleaded therein that Section 5.1102 (42) of the Zoning Code of the City of Cleveland defines a row house as follows:

"Row house is an attached house in a row or group, each house containing not more than 2 dwelling units and each house separated from the adjoining houses in the same row by firewalls or fire separations."

Plaintiff pleads that her properties are row houses as defined by said ordinances and whether they are or not is, of course, a question for determination in the trial court.

Five assignments of error are urged by plaintiff, namely:

"1. Said judgment is contrary to law;

"2. That the decision of the Court below deprived plaintiff appellant of her statutory rights to bring a taxpayer's action as specifically provided by law;

"3. Plaintiff appellant brought suit in her representative capacity as a taxpayer as provided by Section 733.56 to Section 733.59, inclusive, Revised Code, and she is not required to bring an action in her individual capacity where the defense of the availability of an adequate remedy at law could apply;

"4. That plaintiff appellant, in bringing a taxpayer's action in her representative capacity under Section 733.56 to Section 733.59, inclusive, Revised Code, has no right of administrative appeal. Therefore the basis for sustaining the Demurrer for

failure to exhaust her rights of administrative appeal does not apply;

"5. That the Court failed to take cognizance of the fact that chancery will step in where property rights are interfered with or when public officers are proceeding illegally or improperly under a claim of right."

By demurrer in the trial court the City of Cleveland contended that plaintiff's petition failed to state a cause of action for the reasons that:

1. Plaintiff has an adequate remedy at law;

2. Plaintiff did not exhaust her rights of administrative appeal;

3. Plaintiff did not show irreparable damage to herself.

Thus, the demurrer was predicated on the theory that an action by a taxpayer brought under favor of Section 733.56, et seq., Revised Code, is a proceeding in equity. It is the contention of plaintiff appellant that notwithstanding the fact that a taxpayer's suit has many of the incidents of an equitable proceeding, it is still an action at law.

Prior to statutory enactment, courts have long recognized the right of a taxpayer on behalf of other taxpayers to enjoin illegal action by municipal authorities. Those actions were based on equity maxims such as prevention of a multiplicity of lawsuits and want of an adequate remedy at law. In point is the following statement found in *Cincinnati Street Railroad Company et al.* v. *Smith et al.*, 29 Ohio St., 291, in regard to the bringing of taxpayers' suits under the statute:

"The sections do not provide remedies that were previously unknown. Courts of equity had long taken jurisdiction and granted injunctions in such cases when properly presented by interested individuals whose rights were put in jeopardy by the illegal or unauthorized acts, or threatened acts of municipal corporations. The sections were therefore simply intended to regulate the practice in such cases to this extent, that applications for injunctions in such cases should be made by the city solicitor, and should not be made without his knowledge."

In 64 Corpus Juris Secundum, 956, Municipal Corporations, Section 2140, titled "Statutory Provisions in General" (as they relate to taxpayers' suits), it is stated:

"* * * General principles which govern the exercise of equitable jurisdiction are applied in determining whether the remedy under the foregoing statutes (relating to taxpayers' suits) is to be granted or withheld, and an injunction will not be granted under such statutes where an injunction under the circumstances would be inequitable rather than equitable. Moreover, the rule that an action by injunction will not lie where there is an adequate remedy at law * * * applies in the case of suits under statutes, as where a full measure of relief is obtainable in mandamus proceedings. * * *''

Also, in this same reference, at page 989, Section 2161, titled "Jurisdiction and Venue," it is stated:

"* * * Equity courts generally have jurisdiction of taxpayers' suits properly cognizable therein, such as suits for injunctive relief, but the law courts have been held to be the proper courts for the recovery of money on behalf of the municipality by a taxpayer's action. The view has been taken that certain statutes conferring the right to sue do not confer on courts of equity jurisdiction over subjects which have always been excluded from their cognizance. * * *''

In McQuillin, Third Edition, Municipal Corporations, Volume 18, page 23, Section 52.08 "Existence of Another Remedy," it is stated:

"It is generally held that a taxpayer's suit does not lie if there is an adequate remedy at law, and the inadequacy of the remedy at law is often relied on as ground for equitable relief."

It seems that in his writing on this subject McQuillin presupposes that taxpayers' suits are equitable in nature.

In *State, ex rel. Lozier* v. *Deibel et al.*, 13 Ohio Law Abs., 449 (9th District Court of Appeals), an action was brought by a taxpayer to have a contract declared void that was entered into by the county commissioners and a company for resurfacing of certain county roads. It was claimed that the trial court erred in refusing a jury trial. The Court of Appeals said:

"The case being a chancery case, this claim is not well taken."

It is apparent from this that the court felt that this taxpayer's action was an equitable proceeding.

From the foregoing and other authorities it seems that courts have taken the position that taxpayers' suits which are brought under statute are equitable in nature and are governed to a great extent by equitable principles.

Notwithstanding the fact that taxpayers' suits are governed by equitable principles, the statutes in question have been interpreted to be remedial in character and are to be liberally construed to accomplish the purpose for which they were designed. Therefore, a court must give the language contained in the statutes involved in this case the broadest interpretation possible to protect the rights of taxpayers from unauthorized acts on the part of municipalities. See *City of Cleveland* v. *Walsh*, 67 Ohio App., 479, 37 N. E. (2d), 397, and *Maxwell* v. *Ohio Fuel Gas Co.*, 61 Ohio App., 394, 22 N. E. (2d), 639.

Taking the argument in inverse order, the third contention of defendants in support of their demurrer to plaintiff's petition is that the facts alleged therein do not establish that plaintiff will suffer irreparable harm. We conclude and hold that it would be unnecessary for the plaintiff to show irreparable damage to herself for the reason that, this being a taxpayer's suit, it is only necessary to show that the action of the city, as alleged, was an abuse of corporate power and this abuse is prejudicial and injurious to her rights as a taxpayer and to others of her class.

The other two contentions urged by defendants in support of their demurrer are that plaintiff has adequate remedy at law and that she has failed to exhaust her administrative remedies. It would seem that the fact that plaintiff by bringing this action as a representative of other taxpayers in a similar class negates the requirement that she exhaust her own personal right of administrative remedy. We are concerned in this case with her rights as they pertain to the class which she represents and to require her to exhaust her personal administrative remedies is inequitable for the reason that the class represented would benefit nothing from such appeal proceedings and it would impede and delay their cause. It is our determination, therefore, that plaintiff need not exhaust her own administrative remedies in this case.

512

Going then to the last reason which defendants set out as to why the demurrer should be sustained,—are there any other remedies at law which plaintiff may pursue? Of course, this presupposes that such remedy, if any exists, must be complete and adequate. In this regard, we find the following in McQuillin, Municipal Corporations, supra:

"* * * Furthermore, the adequacy or inadequacy of remedies at law has largely been lost sight of in many of the decisions relating to taxpayers' suits, and while there seem to be no decisions expressly holding that such a suit lies if there is an adequate remedy at law, yet the desire to protect the rights of taxpayers has resulted in sometimes granting equitable relief where it would seem an adequate remedy at law existed."

In the case at bar, after considering the gamut of legal remedies, it is our finding that none exists which would afford adequate relief to the plaintiff and the class she represents. In covering the points urged in support of the demurrer, we have disposed of the five assignments of error.

As pointed out above, the second amended petition pleads Sections 5.1516 (a), 5.1102 (42) and 5.1102 (13) of the ordinances of the City of Cleveland and also pleads their applicability to plaintiff's two sets of row houses and all others similarly situated. In connection with the consideration of a demurrer, the court is required to liberally interpret the pleading under attack. It must be borne in mind also that a demurrer admits everything that is well pleaded in such a pleading.

It is our determination that a cause of action is properly pleaded in plaintiff's second amended petition and that the judgment of the court below in sustaining the defendants' demurrer thereto is prejudicially erroneous and contrary to law, and, accordingly, the judgment is reversed and the cause remanded with instructions to overrule such demurrer.

Exceptions. Order see journal.

HURD, P. J., ARTL, J., concur.