THE STATE, EX REL. WHITE ET AL., APPELLEES, *v.* CITY OF CLEVELAND ET AL., APPELLANTS.

(No. 72-628—Decided April 25, 1973.)

*Messrs. Rudd, Miller, Sheerer & Lybarger* and *Mr. Charles R. Miller,* for appellees.

*Mr. Herbert Whiting,* director of law, and *Mr. Howard H. Fishkin,* for appellants.

CORRIGAN, J. Appellants submit two propositions of law, either of which, if accepted by this court, would bar the exercise of the trial court's discretion in considering the award of attorney fees.

Appellants' first proposition of law urges that the present action is not a taxpayer's action within the meaning of R. C. 733.59.

This court has defined the word "taxpayer," as used in R. C. 733.59, in *State, ex rel. Nimon,* v. *Springdale* (1966), 6 Ohio St. 2d 1. Paragraph two of the syllabus states:

"The word, 'taxpayer,' as used in Section 733.59, Revised Code, contemplates and includes any person who, in a private capacity as a citizen, elector, freeholder or taxpayer, volunteers to enforce a right of action on behalf of and for the benefit of the public, and any such person is subject to the conditions imposed by that section, unless waived."

Justice Schneider, speaking for the majority, explained that the rule applicable to so-called taxpayer's actions, derived from a long line of cases, has been repeatedly recognized in Ohio, citing the statement in 35 Ohio Jurisprudence 2d 426, Section 141, that "where the question is one of public right and the object of the mandamus is to procure the enforcement of public duty, the people are regarded as the real party * * *."

In the present action, it is clear that R. C. 149.43 establishes a public right to the inspection and copying of public records and imposes upon municipal corporations the mandatory duty to permit same.

It is also clear that the appellant city of Cleveland refused to comply with that mandatory duty, forcing appellees to maintain an action in mandamus to compel the enforcement of such duty. In so doing, the appellees, regardless of any private or personal benefit, have enforced a right of action on behalf of and for the benefit of the general public. This action is, therefore, properly categorized as a "taxpayer's action."

Appellants' second proposition of law is that the appellees have not, as a matter of law, met the statutory requirements which would entitle them to attorney fees.

*State, ex rel. Nimon,* v. *Springdale, supra,* in addition to defining "taxpayer" and stating the conditions necessary to maintain an action in that capacity, pursuant to R. C. 733.59, also established, in paragraph two of the syllabus, that persons meeting the qualifications of that section are also subject to the conditions imposed by it, unless waived.

R. C. 733.59 sets forth the prerequisites necessary to maintain a taxpayer's action, as follows:

"If the solicitor fails, upon the written request of any taxpayer of such municipal corporation, to make any application provided for in Sections 733.56 to 733.58, inclusive, of the Revised Code, such taxpayer may institute suit in his own name * * *."

Appellants argue that the appellees failed to make a written request that the appellant Law Director maintain a mandamus action against the building commissioner.

The evidence is undisputed that the appellees made a written request of the Law Director to both rescind certain building permits and to advise the Division of Building to permit the inspection and copying of records. The Law Director's response to this request was a complete refusal to either rescind the building permits or to advise the Division of Building to allow inspection or copying of records. He further advised that a mandamus action was necessary to obtain inspection of the records.

The remaining question for this court to consider is whether or not this response constituted a waiver of the notice requirement of R. C. 733.59.

Paragraph three of the syllabus in *State, ex rel. Nimon,* v. *Springdale, supra,* reads:

"Where a solicitor of a municipal corporation transmits a written opinion advising its council to refrain from acting on a pending matter and the council, in reliance upon the opinion, refrains from acting, a request upon the solic-

itor to institute suit to compel the council to act on the matter would be unavailing; the municipal corporation is deemed to have refused to grant consent to become a party plaintiff in any such suit; and a taxpayer's noncompliance with the condition of Section 733.59, Revised Code, requiring a written request to, and a failure by, the solicitor to institute suit, is excused.''

In reaching this result, Justice Schneider, at page 6, stated:

''The substantial question then comes down to this: Did the circumstances here show that it would have been unavailing to have made a request upon the solicitor.''

It is clear that the Law Director's refusal and statement that a writ of mandamus was necessary to obtain inspection and copies of the records in question foreclosed any probability that the appellant city might consent to become a party plaintiff in a mandamus action against the Division of Building. The conditions imposed by R. C. 733.59 were, therefore, waived.

R. C. 733.61, Section 92 of the Cleveland City Charter, and this court's opinion in *Brauer* v. *Cleveland, supra* (7 Ohio St. 2d 94), all permit the trial court to exercise its discretion in regard to the allowance of attorney fees where the statutory requirements are met or waived, the action has been brought on behalf of the public and resulted in a public benefit, and the equity of the case demands it. We hold that such requirements have been met in the present case.

Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.