ASSOCIATION OF CLEVELAND FIRE FIGHTERS, LOCAL 93 OF
THE INTERNATIONAL ASSOCIATION OF FIRE FIGHTERS,
et al., Appellees and Cross–Appellants,

v.

CITY OF CLEVELAND, Appellant and Cross–Appellee.

[Cite as *Assn. of Cleveland Fire Fighters, Local 93 of the Internatl. Assn.
of Fire Fighters v. Cleveland,* 156 Ohio App.3d 368, 2004-Ohio-994.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82111.

Decided March 4, 2004.

Joseph W. Diemert Jr. & Assoc., Joseph W. Diemert Jr., Thomas M. Hanculak and Jeffrey J. Sokolowski, for appellees and cross-appellants.

Subodh Chandra, Director of Law, and William A. Sweeney, Assistant Law Director, for appellant and cross-appellee.

ANNE L. KILBANE, Presiding Judge.

{¶ 1} This is an appeal and cross-appeal from a judgment entered by Judge Thomas J. Pokorny after a $560,443.02 jury verdict in favor of the appellees and

cross-appellants Association of Cleveland Fire Fighters, Local 93 of the International Association Fire Fighters ("union"), Eugene J. Carroll, Michael A. Darnell, David McNeilly, Robert S. Schindler, and Paul A. Stubbs [1] (all plaintiffs collectively, "Asst. Chiefs"), and against the appellant/cross appellee, city of Cleveland. The award reflected back wages owed to assistant fire chiefs who had been improperly excluded from the union's bargaining unit. The city claims, among other things, that the judge had no subject-matter jurisdiction because the Asst. Chiefs' claim concerned an issue within the exclusive jurisdiction of the State Employment Relations Board ("SERB"). In its cross-appeal, the Asst. Chiefs claim that the judge erred in failing to amend the current collective bargaining agreement ("CBA") to include a 32 percent differential between those holding the rank of assistant chief and those holding the next lower rank, battalion chief, and in denying their request for attorney fees. We reverse the judgment and dismiss the complaint.

{¶ 2} The union represented the assistant chiefs as part of the CBA bargaining unit until 1987, when an arbitrator ruled that officers of that rank should be excluded. Thereafter, the assistant chiefs were excluded from the CBA with the city from 1989 to 1998.[2] In 1996, however, SERB issued a ruling stating that it would not recognize changes to the bargaining unit that had not been accomplished through SERB's procedures. In 1998, the union filed a "Petition for Clarification of Bargaining Unit" and, on October 13, 1998, SERB issued a ruling that restored the assistant chiefs to the bargaining unit. In that action, however, the union did not seek back wages or the restoration of a wage differential.

{¶ 3} In August 1999, the union and five individual assistant chiefs filed a complaint, and then an amended complaint, for declaratory judgment. In count one, they alleged that the wage differential between assistant chiefs and battalion chiefs had fallen to 12 percent after the assistant chiefs' wrongful removal from the bargaining unit and sought an order for back wages to restore the 32 percent differential for the time period in which the assistant chiefs had been excluded from the bargaining unit.[3]

---

1.  The plaintiffs also moved to name additional individuals as party plaintiffs but, despite a docket notation stating that the motion was granted, there is no journal entry granting it. Therefore, we do not consider those individuals to be parties.

2.  The city did not recognize the assistant chiefs in the unit until sometime in 1999, but the recognition was made retroactive to the effective date of the 1998–2001 CBA.

3.  Although the appellees claim that count one sought a restoration of the wage differential in the current CBA, it actually states only that the city owes back wages in the amount of the differential.

{¶ 4} Count two was brought as a taxpayer's action [4] with the same allegations and relief sought as count one, but it also sought attorney fees under R.C. 733.61. The complaint also contained a general plea for "any and all other relief that this Court is empowered to grant * * *."

{¶ 5} The city moved to dismiss the complaint and argued that the common pleas judge lacked subject-matter jurisdiction because the action was under SERB's exclusive jurisdiction. It also contended that the claim for back wages was barred by the doctrine of res judicata because it should have been raised in the initial SERB action to reinstate the assistant chiefs to the bargaining unit. The judge denied the motion and later also denied both the city's motion for summary judgment and its renewed motion for summary judgment. The case went to trial, and the jury returned a verdict awarding the Asst. Chiefs back wages of $560,443.02.

{¶ 6} The request for restoration of the wage differential in the CBA then in effect was not submitted to the jury but was sought through a post-trial motion for directed verdict.[5] The union requested that the judge order that the current CBA be amended to include the 32 percent wage differential between assistant chiefs and battalion chiefs. The judge denied the motion, holding that he had no authority to order such an amendment. He also denied their post-trial motion for attorney fees because, among other things, he found that the action did not provide a substantial benefit to the public.

{¶ 7} The city asserts six assignments of error in its appeal of the jury verdict, and the Asst. Chiefs assert four assignments concerning the denial of their post-trial motions, all of which are included in an appendix to this opinion. We find it necessary, however, to address only the issues of subject-matter jurisdiction and standing raised in the city's first and second assignments of error.

## SUBJECT–MATTER JURISDICTION

{¶ 8} The city contends that the judge had no subject-matter jurisdiction over claims alleging unfair labor practices under R.C. 4117.11, because such claims are within SERB's exclusive jurisdiction.[6] The Asst. Chiefs counter that their claims are not expressly covered by the provisions of R.C. 4117.11 and that SERB does

---

4. R.C. 733.59.

5. The city has not raised the issue, however, and for purposes of this opinion we assume that the claim for restoration of the differential is sufficiently requested in the general plea for relief.

6. *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9* (1991), 59 Ohio St.3d 167, 572 N.E.2d 87, paragraph one of the syllabus.

not have exclusive jurisdiction over claims that are only "arguably" covered by R.C. 4117.11.[7] They contend that their claims for back wages and restoration of the wage differential are based on a right stated in R.C. 4117.06, because the city violated R.C. 4117.06 when it removed them from the bargaining unit without SERB's approval. They also claim, however, that because R.C. 4117.11 does not expressly include such a violation within its definitions of unfair labor practices, SERB does not have exclusive jurisdiction. We disagree.

{¶ 9} In *East Cleveland v. East Cleveland Firefighters Local 500*, supra, the Ohio Supreme Court limited SERB's exclusive jurisdiction in a case where the parties had reached an impasse in negotiating a new CBA and, under the terms of the CBA then in effect, had submitted their dispute to an arbitrator.[8] The court ruled that, despite the fact that the city's conduct arguably could be described as a "refusal to bargain" prohibited under R.C. 4117.11(A)(5), the dispute was not within the SERB's exclusive jurisdiction. It stated:

{¶ 10} "[E]xclusive jurisdiction to resolve charges of unfair labor practices is vested in SERB in two general areas: (1) where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11; or (2) a complaint brought before the court of common pleas alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11, and the trial court therefore dismisses the complaint for lack of subject matter jurisdiction." [9]

{¶ 11} The court placed special emphasis on the fact that the case involved an arbitration proceeding contemplated by the CBA and undertaken according to its terms, and it also noted that such arbitration provisions were expressly approved in R.C. 4117.10(A).[10] Because allowing SERB to exercise jurisdiction over the dispute would effectively eliminate arbitration of disputes from CBA negotiations, it concluded that SERB's exclusive jurisdiction was not intended to be extended to include the "arguable" claim at issue.[11]

■ {¶ 12} This case does not involve CBA negotiations covered by another statutory provision but involves an allegation that the city unfairly eliminated the assistant chiefs from the CBA bargaining unit under R.C. 4117.06. The decision in *East Cleveland Firefighters, Local 500* must be considered and placed in

---

7. E. Cleveland v. E. Cleveland Firefighters Local 500, I.A.F.F. (1994), 70 Ohio St.3d 125, 127, 637 N.E.2d 878.

8. Id.

9. Id., 70 Ohio St.3d at 127–128, 637 N.E.2d 878.

10. Id., 70 Ohio St.3d at 128, 637 N.E.2d 878.

11. Id.

perspective in light of its particular facts and in light of other cases concerning the scope of SERB's jurisdiction. In *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, supra, the Ohio Supreme Court held that SERB has exclusive jurisdiction over matters within R.C. Chapter 4117 in its entirety, not simply over unfair labor practices claims.[12] That court also held that "if a party asserts claims that arise from or depend on the collective bargaining rights created by R.C. Chapter 4117, the remedies provided in that chapter are exclusive." [13]

{¶ 13} The decision in *East Cleveland Firefighters, Local 500*, does not suggest that a common pleas judge should be allowed to exercise jurisdiction in any case in which the complaint does not specifically allege an unfair labor practice, and we do not read the latter opinion to include such a holding. Instead, the focus of the jurisdictional question should be on whether the complaint, properly interpreted, alleges a claim within SERB's exclusive jurisdiction.[14] Even though SERB does not have jurisdiction over any claim that is only "arguably" cast as an unfair labor practice, it should have jurisdiction over any complaint in which it can be shown that, even under the liberal pleading standards of Civ.R. 8(F), relief can be obtained only by proving a violation of a right protected under R.C. Chapter 4117.[15]

{¶ 14} Although the Asst. Chiefs argue that their claims are based on an independent right stated in R.C. 4117.06, this argument does not escape the exclusive jurisdiction stated in *Franklin Cty. Law Enforcement Assn.*, because the claimed right is within R.C. Chapter 4117. Moreover, R.C. 4117.06 does not appear to provide an independent cause of action; the improper removal of employees from a bargaining unit is enforceable against the employer as an unfair labor practice under R.C. 4117.11(A)(8) and 4117.11(B)(6). Because the complaint does not allege a right to recover independent of R.C. Chapter 4117, the Asst. Chiefs' claims are within SERB's exclusive jurisdiction. Therefore, it was error to fail to dismiss the complaint for lack of subject-matter jurisdiction. The city's first assignment of error is sustained.

## TAXPAYER'S ACTION

{¶ 15} The Asst. Chiefs also claim to have standing to pursue their complaint as a taxpayer's action under R.C. 733.59. Although a taxpayer's action

---

12. *Franklin Cty. Law Enforcement Assn.*, paragraph one of the syllabus.

13. Id., paragraph two of the syllabus.

14. Civ.R. 8(F); *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 110, 548 N.E.2d 217.

15. *Franklin Cty. Law Enforcement Assn.*, supra.

is not prohibited merely because its proponent asserts rights that would confer a private, as well as a public, benefit, the claim may not go forward if it asserts rights that confer solely private benefits.[16]  The Asst. Chiefs argue that they are vindicating public rights and conferring a public benefit by restoring the wage differential between them and battalion chiefs.  This wage differential, they maintain, is necessary to provide an incentive for qualified candidates to seek the position of assistant chief.

{¶ 16} We do not find the claimed public benefit sufficient to maintain a taxpayer's suit because the Asst. Chiefs' "incentive" argument is not significant, especially when viewed in light of the private benefit sought.  When a union or its members seek to vindicate their rights or the rights of other union members, the benefit sought to be conferred is private, and a taxpayer's suit will not be recognized.[17]  Without a more significant public interest at stake,[18] the attempt to gain standing under R.C. 733.59 appears to be a pretext for the assertion of a private cause of action.

{¶ 17} The enforcement of private rights often confers a public benefit, but the ability to contemplate a public benefit does not translate every private action against a municipality into a taxpayer's suit under R.C. 733.59.  The city has no duty to maintain a wage differential between different ranks of safety officers in order to create an incentive for qualified individuals to seek a higher rank; therefore, an individual could not seek imposition of a wage differential in order to provide such an incentive.[19]  The city's duty with respect to the wage differential must arise from the CBA and the rules governing collective bargaining, which are private rights enforceable by the union members.[20]

{¶ 18} Although there may be circumstances in which enforcement of collective bargaining duties rises to the level of a public right, those circumstances are not present here.  There is no showing of a right enforceable outside the mechanisms of R.C. Chapter 4117 and, therefore, we find that the Asst. Chiefs have no

---

**16.**  *Cleveland ex rel. O'Malley v. White*, 148 Ohio App.3d 564, 2002-Ohio-3633, 774 N.E.2d 337, at ¶ 45–46.

**17.**  Id. at ¶ 46;  *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 20, 558 N.E.2d 49.

**18.**  Cf. *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86 Ohio App.3d 258, 265, 620 N.E.2d 940 (complaint brought by unsuccessful civil service applicants "benefited the city as a whole by protecting the integrity of the civil service system and ensuring its fairness").  Despite the plaintiffs' argument, we do not find the preservation of a wage differential central to the integrity of the civil service system.

**19.**  *O'Malley* at ¶ 42.

**20.**  *Caspar,* supra.

standing to assert an action under R.C. 733.59. The city's second assignment of error is sustained.

{¶ 19} Because the judge had no subject-matter jurisdiction over the unfair labor practice claims and the Asst. Chiefs have no independent standing to bring a taxpayer's suit, the complaint should have been dismissed. The city's remaining assignments of error are moot,[21] and the assignments of error in the plaintiffs' cross-appeal are overruled.

{¶ 20} The judgment is reversed, and the complaint is dismissed.

Judgment reversed
and complaint dismissed.

COLLEEN CONWAY COONEY, J., concurs.

JAMES J. SWEENEY, J., dissents.

JAMES J. SWEENEY, Judge, dissenting.

{¶ 21} I respectfully dissent from the majority opinion which reverses and dismisses this matter. I disagree with the majority's interpretation of the complaint as stating a cause of action within the exclusive jurisdiction of SERB and the majority's determination to dismiss the taxpayer's action on its finding that the plaintiffs failed to sufficiently establish a "public benefit," although the jury found otherwise.

{¶ 22} The Ohio Supreme Court has delineated only two distinct areas in which SERB possesses exclusive jurisdiction, the first being "where one of the parties files charges with SERB alleging an unfair labor practice under R.C. 4117.11." Id.

{¶ 23} Plaintiffs did not file an unfair labor practice with SERB concerning the matters that gave rise to this lawsuit.

{¶ 24} The alternative area that vests SERB with exclusive jurisdiction is when "a complaint brought before the court of common pleas alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." Id.

{¶ 25} The city believes that the pleadings essentially allege unfair labor practices arising under R.C. 4117.11(A)(1), (2), (5), and (8). I do not find that those provisions correspond to plaintiffs' claims. Additionally, plaintiffs pursued this action against the city in their capacities as taxpayers, that is, a claim that is recognized both by statute and common law. *State ex rel. Citizens for a Better Portsmouth v. Sydnor* (1991), 61 Ohio St.3d 49, 572 N.E.2d 649.

---

21. App.R. 12(A)(1)(C).

{¶ 26} Even if plaintiffs could have pursued an unfair labor practice in their capacity as employees essentially arising from the same set of facts, this does not in and of itself automatically foreclose a viable taxpayer claim.[22] In other words, these claims are not mutually exclusive such that the existence of one necessarily eliminates the potential for bringing the other.

{¶ 27} Last, I disagree with the majority's analysis and determination to dismiss the taxpayer's action for the alleged lack of a "substantial benefit to the public."

{¶ 28} In order to maintain a taxpayer's suit, "it is only necessary to show that the action of the city, as alleged, was an abuse of corporate power and that this abuse is prejudicial and injurious to [plaintiffs'] rights as a taxpayer and others of [their] class." *Brauer v. Cleveland* (1963), 119 Ohio App. 159, 164, 191 N.E.2d 847. For that reason, this court has further determined that it is not necessary for a plaintiff taxpayer to exhaust personal administrative remedies if such would not benefit the class represented. Id.

{¶ 29} The Ohio Supreme Court has held that an action is properly categorized as a "taxpayer's action" where the plaintiff is seeking to benefit the general public *"regardless of any private or personal benefit"* (emphasis added) that the plaintiff may receive. *White v. Cleveland* (1973), 34 Ohio St.2d 37, 63 O.O.2d 79, 295 N.E.2d 665. Therefore, it is inappropriate to focus solely upon the monetary damages sought in this action. Instead, we must discern from the claims whether plaintiffs as taxpayers sought to benefit the general public through this action.

{¶ 30} The city referred to *Cleveland ex rel. O'Malley v. White*, 148 Ohio App.3d 564, 2002-Ohio-3633, 774 N.E.2d 337, claiming that it is dispositive on the standing issue. However, in *O'Malley,* this court concluded that no public right was involved based on its finding that "the city was in full compliance with the bidding process." Id., 148 Ohio App.3d 564, 2002-Ohio-3633, 774 N.E.2d 337, at ¶ 42. In contrast, the majority in this case acknowledges that a public right is involved but then concludes that it is not substantial enough to maintain the taxpayer's action. I cannot agree, particularly in light of the jury's findings, unchallenged in this appeal, as set forth in their responses to jury interrogatory Nos. 4–6.

{¶ 31} Furthermore, other courts have rejected the same argument advanced by the city herein where it was determined that the city's actions were deemed an abuse of corporate power. *Cincinnati ex rel. Simons v. Cincinnati* (1993), 86

---

22. It is significant to note that the jury ultimately found that these facts established an abuse of power by the city resulting in prejudice and injury to the rights of the taxpayers and contrary to municipal interests. The city has not challenged this finding on appeal.

Ohio App.3d 258, 265, 620 N.E.2d 940, distinguishing *State ex rel. Caspar v. Dayton* (1990), 53 Ohio St.3d 16, 558 N.E.2d 49, holding that a taxpayer's lawsuit "benefitted the city as a whole by protecting the integrity of the civil service system and ensuring its fairness" despite personal benefit that enured to plaintiffs. Applying the law to the facts and findings in this case, I can only conclude that the trial court did not err in denying the city's motion to dismiss and for summary judgment on this issue.

{¶ 32} Based upon the foregoing, I believe that the trial court properly retained jurisdiction over this matter and find, as the jury ultimately did, that the plaintiffs established a public benefit sufficient to sustain the taxpayer's action. I would affirm the judgment of the trial court in these respects and proceed to address the remaining issues raised in the appeal and cross-appeal.

## APPENDIX

## APPELLANT'S ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED BY RETAINING JURISDICTION IN A MATTER THAT WAS PATENTLY, UNAMBIGUOUSLY AND ADMITTEDLY FOUNDED UPON AN ALLEGED UNFAIR LABOR PRACTICE UNDER [R.C. CHAPTER] 4117."

"II. THE TRIAL COURT ERRED IN ITS MAY 6, 2002 JUDGMENT ENTRY OVERRULING APPELLANT'S MOTION TO DISMISS BY FAILING TO RULE ON APPELLANT'S 'STANDING' ARGUMENT AND BY SUBSEQUENTLY REFUSING TO RECONSIDER THAT ISSUE IN LIGHT OF THIS COURT'S DECISION IN *CITY OF CLEVELAND EX REL. O'MALLEY V. WHITE.*"

"III. THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION IN LIMINE REGARDING TESTIMONY, EVIDENCE AND DAMAGES PRESENTED TO THE JURY AFTER THE ASSISTANT CHIEFS WERE RETURNED TO THE BARGAINING UNIT ON APRIL 1, 1998."

"IV. THE TRIAL COURT LACKED JURISDICTION TO HEAR COUNT TWO OF THE COMPLAINT, THE TAXPAYERS' SUIT, AS ACTIONS IN EQUITY CANNOT BE MAINTAINED WHEN THERE IS AN ADEQUATE REMEDY AT LAW."

"V. COUNT TWO OF THE PLAINTIFF'S COMPLAINT, THE TAXPAYERS' SUIT, IS BARRED BY THE DOCTRINE OF LACHES SINCE PLAINTIFFS DID NOT FILE THE CLAIM UNTIL ELEVEN YEARS AFTER THE ALLEGED VIOLATION OCCURRED."

"VI. PLAINTIFFS' FAILURE TO EXHAUST THEIR ADMINISTRATIVE REMEDIES WITH SERB PRECLUDES THEM FROM FILING AN ORIGINAL ACTION WITH COMMON PLEAS COURT [SIC]."

CROSS–APPELLANTS' ASSIGNMENTS OF ERROR

"I. THE TRIAL COURT ERRED BY DETERMINING THAT IT DID NOT HAVE JURISDICTION TO RESTORE THE WAGE DIFFERENTIAL BETWEEN THE RANKS OF ASSISTANT CHIEF AND BATTALION CHIEF TO 32% EFFECTIVE OCTOBER 1, 2002."

"II. THE TRIAL COURT ERRED BY FINDING THAT (A) THE FIRE FIGHTERS AND THE ASSISTANT CHIEFS FAILED TO PROVIDE SECURITY FOR THE COSTS OF THE PROCEEDING; AND (B) THE STATUTORILY BASED TAXPAYER ACTION WAS CONVERTED TO A COMMON–LAW TAXPAYER ACTION."

"III. THE TRIAL COURT ERRED BY DENYING THE MOTION FOR ATTORNEY FEES FILED BY THE FIRE FIGHTERS AND THE ASSISTANT CHIEFS."

"IV. THE TRIAL COURT ERRED BY FINDING THAT [R.C.] 2744.09(C) DOES NOT APPLY TO A TAXPAYER ACTION."