OPINION
{¶ 1} Plaintiff-appellant, Robert Martin ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, in which that court granted the motion for judgment on the pleadings filed by defendants-appellees, Hugh Dailey and a woman identified in the complaint as "Mrs. Daily" (collectively, "appellees"), as to appellant's claims for violations of Section 1983, Title 42, U.S. Code, and for a declaratory judgment. *Page 2 
 {¶ 2} Appellant is an inmate incarcerated in the Hocking Correctional Institution. Appellees are health care workers with the Ohio Department of Rehabilitation and Correction. On June 28, 2007, appellant filed the within action alleging that appellees wrongfully charged him prescription co-payments and deducted the same from his inmate account without due process of law. He sought a judgment declaring the collection of the co-payments unconstitutional and he sought class certification.
 {¶ 3} On October 15, 2007, appellees filed their motion for judgment on the pleadings pursuant to Civ. R. 12(C). Therein, appellees argued, inter alia, that appellant had failed to file an affidavit of indigency as required by R.C. 2969.25(C), he had failed to file an affidavit respecting other civil actions as required by R.C. 2969.25(A), and he had failed to exhaust his administrative remedies as required by R.C. 2969.26(A). On April 2, 2008, appellant filed a motion for summary judgment. The trial court granted the motion for judgment on the pleadings based, inter alia, upon the fact that appellant had failed to comply with R.C. 2969.25(A) and (C), and dismissed his complaint.
 {¶ 4} Appellant appealed and advances the following five assignments of error for our review:
 1. The trial court abused its discretion when it arbitrarily denied declaratory judgment relief without a jury trial.
 2. A trial court abused its discretion when it failed to hold an evidentiary hearing for class certification.
 3. The trial court abused its discretion when it arbitrarily denied plaintiff's summary judgment motion.
 4. The trial court abused its discretion when it held R.C. § 2929.25 precluded 42 U.S.C. § 1983
claims for failure to exhaust administrative remedies. *Page 3 
 5. The trial court abused its discretion using false facts plaintiff was not indigent violating plaintiff's remedy of redress under 42 U.S.C. § 1983, § 1988 and a right to jury trial.
 {¶ 5} We will address all five of appellant's assignments of error together, because all of the assignments challenge the trial court's grant of appellees' motion for judgment on the pleadings, and its implicit denial of appellant's motion for summary judgment. Because the trial court correctly determined that appellant had not complied with R.C. 2969.25(A) and (C), it also correctly concluded that, as a matter of law, appellees were entitled to judgment on the pleadings and that appellant's complaint should be dismissed.
 {¶ 6} Rule 12(C) of the Ohio Rules of Civil Procedure provides, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A Civ. R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ. R. 12(B)(6) motion for failure to state a claim upon which relief can be granted. Whaley v. Franklin Cty. Bd. of Commrs.,92 Ohio St.3d 574, 581, 2001-Ohio-1287, 752 N.E.2d 267.
 {¶ 7} A motion for judgment on the pleadings is to be granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. Brown v. Wood Cty. Bd. ofElections (1992), 79 Ohio App.3d 474, 477, 607 N.E.2d 848, citingPeterson v. Teodosio (1973), 34 Ohio St.2d 161, 165-166, 63 O.O.2d 262,297 N.E.2d 113. A motion for judgment on the pleadings is specifically intended for resolving questions of law. Friends of Ferguson v. OhioElections Comm. (1997), 117 Ohio App.3d 332, 334, 690 N.E.2d 601. Appellate review of motions for judgment on the pleadings *Page 4 
under Civ. R. 12(C) is de novo. Fontbank, Inc. v. CompuServe, Inc.
(2000), 138 Ohio App.3d 801, 807, 742 N.E.2d 674.
 {¶ 8} R.C. 2969.25 provides, in pertinent part:
 (A) At the time that an inmate commences a civil action or appeal against a government entity or employee, the inmate shall file with the court an affidavit that contains a description of each civil action or appeal of a civil action that the inmate has filed in the previous five years in any state or federal court. The affidavit shall include all of the following for each of those civil actions or appeals:
 (1) A brief description of the nature of the civil action or appeal;
 (2) The case name, case number, and the court in which the civil action or appeal was brought;
 (3) The name of each party to the civil action or appeal;
 (4) The outcome of the civil action or appeal, including whether the court dismissed the civil action or appeal as frivolous or malicious under state or federal law or rule of court, whether the court made an award against the inmate or the inmate's counsel of record for frivolous conduct under section 2323.51 of the Revised Code, another statute, or a rule of court, and, if the court so dismissed the action or appeal or made an award of that nature, the date of the final order affirming the dismissal or award.
 * * *
 (C) If an inmate who files a civil action or appeal against a government entity or employee seeks a waiver of the prepayment of the full filing fees assessed by the court in which the action or appeal is filed, the inmate shall file with the complaint or notice of appeal an affidavit that the inmate is seeking a waiver of the prepayment of the court's full filing fees and an affidavit of indigency. The affidavit of waiver and the affidavit of indigency shall contain all of the following: *Page 5 
 (1) A statement that sets forth the balance in the inmate account of the inmate for each of the preceding six months, as certified by the institutional cashier;
 (2) A statement that sets forth all other cash and things of value owned by the inmate at that time.
 {¶ 9} Noncompliance with R.C. 2969.25(A) warrants dismissal of the complaint. State ex rel. Graham v. Niemeyer, 106 Ohio St.3d 466,2005-Ohio-5522, 835 N.E.2d 1250, ¶ 5. Failure to comply with R.C. 2969.25(C) also warrants dismissal. State ex rel. Palmer v.Collier, 108 Ohio St.3d 492, 2006-Ohio-1507, 844 N.E.2d 842, ¶ 5, citingState ex rel. Foster v. Belmont Cty. Court of Common Pleas,107 Ohio St.3d 195, 2005-Ohio-6184, 837 N.E.2d 777, ¶ 5. It is clear from the record that appellant failed to comply with both R.C. 2969.25(A) and (C). Accordingly, the trial court correctly dismissed appellant's complaint. We need not review the other reasons that the trial court cited for dismissal of the complaint. Griffin v. McFaul,116 Ohio St.3d 30, 2007-Ohio-5506, 876 N.E.2d 527, ¶ 4, citing Jackson v. Wilson,100 Ohio St.3d 315, 2003-Ohio-6112, 798 N.E.2d 1086, ¶ 10.
 {¶ 10} For these reasons, appellant's assignments of error are overruled and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
McGRATH, P.J., and KLINE, J., concur.
KLINE, J., of the Fourth Appellate District, sitting by assignment of the Tenth Appellate District. *Page 1