OPINION
{¶ 1} Plaintiff-appellant, the village of New Richmond ("the Village"), appeals the decision of the Clermont County Court of Common Pleas issuing a writ of mandamus requiring the Village to certify a referendum petition to the Clermont County Board of Elections. The decision also awarded attorney fees to defendant-appellee, Ray Perszyk. We affirm the common pleas court's decision.
 {¶ 2} Defendants, Frederick Greene II, Theodora Greene, Margaret Greene Dixon, and James Dixon, own approximately 56 acres of real property located in the Village. Pursuant to a purchase agreement with those defendants, defendant, Grand Communities, Inc., filed an application with the Village on behalf of the Greenes and the Dixons to rezone the 56 acres from R2 to R3. After purchasing the property, Grand Communities planned to develop 155 homes on the site.
 {¶ 3} The matter was referred to the Village Planning Commission. After holding public hearings, the Planning Commission recommended to the Village Council that the application for rezoning be denied. The Village Council held a public hearing on the matter. In August 2002, the Village Council overturned the Planning Commission's recommendation and adopted Ordinance No. 2002-30 rezoning the 56 acres from R2 to R3. The ordinance stated in its preamble that it was an emergency ordinance "necessary for the immediate preservation of the public peace, health, safety and stability of the Village of New Richmond."
 {¶ 4} Following the Village's adoption of the ordinance, Perszyk, a New Richmond resident, filed a referendum petition with the clerk of the Village. The petition requested that the Village forward Ordinance No. 2002-30 to the Clermont County Board of Elections for approval or rejection by the voters in the next general election. The Village did not forward the ordinance to the Board of Elections. Perszyk then sent a letter to the Village Solicitor, asking the solicitor to seek an injunction or a writ of mandamus ordering the Village to certify the referendum petition to the Board of Elections.
 {¶ 5} In September 2002, the Village filed a complaint in the common pleas court for a declaratory judgment, asking the court to determine whether Ordinance No. 2002-30 was a validly enacted emergency ordinance not subject to referendum. Perszyk filed a counterclaim, seeking a writ of mandamus ordering the Village to certify the referendum petition to the Board of Elections. Perszyk also sought attorney fees in his counterclaim.
 {¶ 6} Grand Communities, the Greenes, and the Dixons filed a motion for summary judgment, asserting that Ordinance No. 2002-30 was a validly enacted emergency ordinance as a matter of law. Perszyk also moved for summary judgment, asserting that the ordinance was not a validly enacted emergency ordinance as a matter of law. In January 2003, the common pleas court granted Perszyk's motion for summary judgment and denied the summary judgment motion of Grand Communities, the Greenes, and the Dixons. The court issued a writ of mandamus ordering the Village to certify the referendum petition to the Clermont County Board of Elections.
 {¶ 7} Perszyk subsequently moved for attorney fees pursuant to R.C.733.61. The common pleas court held a hearing on the motion and considered memoranda submitted by Perszyk and the Village. In June 2003, the common pleas court granted Perszyk's motion and ordered the Village to pay Perszyk $10,344.81 in attorney fees.
 {¶ 8} The Village now appeals the common pleas court's decision issuing a writ of mandamus and its decision ordering the payment of attorney fees. The Village assigns two errors.
 {¶ 9} Assignment of Error No. 1:
 {¶ 10} "The trial court erred in granting defendant appellant perszyk a writ of mandamus requiring the village of new richmond [to] certify the referendum petition on ordinance 2002-30 to the clermont county board of elections."
 {¶ 11} In this assignment of error, the Village argues that Ordinance No. 2002-30 was a validly enacted emergency ordinance not subject to referendum. The Village asserts that the ordinance complied with the requirements of R.C. 731.30 regarding emergency ordinances. Therefore, the Village argues, the common pleas court erred by ordering the Village to certify the referendum petition to the Board of Elections.
 {¶ 12} The common pleas court granted Perszyk's summary judgment motion. We review the court's decision on summary judgment motions using a de novo standard of review. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336. Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; Civ.R. 56(C).
 {¶ 13} "Generally, residents of a municipality have a constitutional right to subject the ordinances of that municipality to a referendum vote." Materkowski v. Belmont Cty. Bd. of Elections, Belmont App. No. 02 BE 34, 2002-Ohio-4370, at ¶ 11, citing Taylor v. London,88 Ohio St.3d 137, 143, 2000-Ohio-278. However, pursuant to R.C. 731.29
and R.C. 731.30, emergency legislation adopted by a municipality is not subject to referendum. Taylor at 143; State ex rel. Webb v. Bliss,99 Ohio St.3d 166, 2003-Ohio-3049, at ¶ 11. Because emergency measures seek to address potentially harmful situations requiring a prompt response, referendum is an ill-suited device for challenging such measures. State ex rel. Emrick v. Wasson (1990), 62 Ohio App.3d 498,503. The more appropriate means for challenging an emergency measure is the subsequent election where the voters can voice their displeasure through the ballot. State ex rel. Fostoria v. King (1950),154 Ohio St. 213, 221.
 {¶ 14} R.C. 731.30 states as follows with respect to emergency legislation:
 {¶ 15} "[E]mergency ordinances or measures necessary for the immediate preservation of the public peace, health, or safety * * * [of] municipal corporation[s], shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive a two-thirds vote of all the members elected to the legislative authority, and the reasons forsuch necessity shall be set forth in one section of the ordinance orother measure." (Emphasis added.)
 {¶ 16} Because the subsequent election of council members is the only way voters can express their disagreement with the enactment of emergency legislation, municipalities must strictly adhere to the requirements of R.C. 731.30. Emrick, 62 Ohio App.3d at 504. "[I]t is mandatory that the legislative body * * * consider, determine and announce the reasons for such necessity and that the same be set forth in one section of the ordinance or other measure." State ex rel. Lipovsky v. Kizak (1968),15 Ohio St.2d 27, 29, citing Youngstown v. Aiello (1951), 156 Ohio St. 32,36.
 {¶ 17} The Village set forth the purported emergency reasons in the ordinance's preamble, before the substance of the legislation was stated. Generally, the Village asserted that the rezoning would help alleviate some of the harm done by flooding in 1997. According to the Village, the rezoning would help bring "additional customers for business, students for our schools, members for our churches, additional revenue and tax base for the village departments and the added vitality new people and new ideas bring that communities need to maintain a healthy environment for its residents."
 {¶ 18} Municipalities must strictly adhere to the requirements of R.C. 731.30 when enacting emergency legislation. Emrick,62 Ohio App.3d at 504. As noted above, R.C. 731.30 requires that the emergency reasons be set forth "in one section of the ordinance." In this case, the Village did not set forth emergency reasons "in one section of the ordinance," but set forth the reasons in the preamble before the substance of the ordinance was announced. The preamble is not part of the ordinance itself. See Hackett v. State Liquor Licensing Bd. (1915), 91 Ohio St. 176,192. Because the Village did not strictly adhere to the requirements of R.C. 731.30, we find no error in the common pleas court's decision. After reviewing the case de novo, we conclude, as a matter of law, that Ordinance No. 2002-30 was not validly enacted emergency legislation. We find no error in the court's issuance of a writ of mandamus compelling the Village to certify Perszyk's referendum petition to the Clermont County Board of Elections.
 {¶ 19} Accordingly, the common pleas court did not err in granting Perszyk's motion for summary judgment. The Village's first assignment of error is overruled.
 {¶ 20} Assignment of Error No. 2:
 {¶ 21} "The trial court erred in granting defendant appellant perszyk attorney fees and costs."
 {¶ 22} The Village's argument under this assignment of error is twofold. First, the Village argues that the common pleas court did not have the authority to award Perszyk attorney fees under R.C. 733.61
because it had no basis to issue the writ of mandamus. Because we found that the court had a valid basis for issuing the writ, we reject that argument.
 {¶ 23} Second, the Village argues that, under R.C. 733.61, the court only had the authority to award Perszyk his costs and attorney fees expended in the matter. According to the Village, Perszyk stipulated that he expended only $2,204.50 from his own funds, not the $10,397.31 that he requested and the court awarded him. The Village claims that Perszyk received $3,365.00 in general donations from individual citizens, and $4,836.81 from a neighbor.
 {¶ 24} R.C. 733.61 provides as follows:
 {¶ 25} "If the court hearing * * * [a taxpayer suit] * * * is satisfied that the taxpayer had good cause to believe that his allegations were well founded, or if they are sufficient in law, it shall make such order as the equity of the case demands. In such case the taxpayer shall be allowed his costs, and, if judgment is finally ordered in his favor, he may be allowed, as part of the costs, a reasonable compensation for his attorney."
 {¶ 26} It is well-settled that statutes such as R.C. 733.61 are remedial in character and are to be liberally construed. Hess v. Toledo
(1999), 133 Ohio App.3d 729, 735. Such statutes should be given the broadest interpretation possible to protect the rights of taxpayers from unauthorized acts on the part of municipalities. Brauer v. Cleveland
(1963), 119 Ohio App. 159, 163. Attorney fees in a taxpayer action are entirely within the discretion of the trial court. State ex rel. Caterv. N. Olmsted, 69 Ohio St.3d 315, 322, 1994-Ohio-488.
 {¶ 27} We cannot say that the common pleas court abused its discretion in awarding attorney fees to Perszyk in the amount of $10,397.31. Perszyk's attorneys submitted an affidavit to the common pleas court setting forth their expenses in detail. While others may have donated funds toward Perszyk's legal expenses, Perszyk was nevertheless entitled to "a reasonable compensation for his attorney" under R.C. 733.61. We find no abuse of discretion by the common pleas court. Accordingly, appellant's second assignment of error is overruled.
Judgment affirmed.
Young, P.J., and Walsh, J., concur.