DECISION AND JUDGMENT
{¶ 1} Appellant appeals from a summary judgment issued by the Wood County Court of Common Pleas in a declaratory action challenging the constitutionality of traffic enforcement cameras. *Page 2 
 {¶ 2} Appellant, David A. Czech, received a "Notice of Liability" from appellee, the city of Northwood, after having his vehicle photographed traveling 56 mph in a 35 mph zone. Appellant chose to contest liability in an administrative proceeding before a hearing officer. At the conclusion of the proceeding, the hearing officer imposed a $115 civil fine on appellant.
 {¶ 3} On June 18, 2007, appellant filed a "Notice of Appeal and Class Action Complaint[1] for Declaratory, Legal and Injunctive Relief in the trial court. Named as defendants in the complaint were appellee, city of Northwood, and appellee, Redflex Traffic Systems, Inc., the contractor responsible for maintaining the automatic enforcement system. Appellant asserted that Northwood Codified Ordinance Section 318, the automatic enforcement enabling ordinance, was unconstitutional for violating Ohio's home rule constitutional provision and was in violation of his right to due process of law. During the course of the proceeding, the home rule question was resolved against appellee's position.Mendenhall v. City of Akron, 117 Ohio St.3d 33, 2008-Ohio-270, syllabus. The remaining issue was submitted to the court on cross-motions for summary judgment.
 {¶ 4} The trial court granted summary judgment to appellees on the ground that appellant had challenged the constitutionality of an ordinance and failed to serve a copy of the complaint on the Ohio Attorney General as required by R.C. 2721.12(A). *Page 3 
Alternatively, the trial court rejected appellant's arguments on the merits. From this judgment, appellant now brings this appeal.
 {¶ 5} Pursuant to 6th Dist. Loc. App. R. 12(A), we sua sponte transfer this matter to our accelerated docket and, hereby, render our decision.
 {¶ 6} R.C. 2721.12 is mandatory and jurisdictional. Cicco v.Stockmaster, 89 Ohio St.3d 95, 100, 2000-Ohio-434. If a party challenges the constitutionality of an ordinance in a declaratory action and fails to serve the attorney general with a copy, pursuant to R.C. 2721.12, the court is precluded from rendering relief. Sebastiani v. City ofYoungstown (1979), 60 Ohio St.2d 166, 167, citing Malloy v.Westlake (1977), 52 Ohio St.2d 103, syllabus; Westlake v. MascotPetroleum Co. (1991), 61 Ohio St.3d 161, 163. While the vehicle for dismissal in this matter is more properly a dismissal for want of subject-matter jurisdiction, pursuant to Civ. R. 12(B)(1), the trial court nonetheless properly dismissed appellant's case. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 7} On consideration whereof, the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
 JUDGMENT AFFIRMED. *Page 4 
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Arlene Singer, J., William J. Skow, J., Thomas J. Osowik, J., CONCUR.
[1] Appellant never moved for class certification, so he was the sole plaintiff in this matter. *Page 1