THE CITY OF CLEVELAND, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Cleveland v. State*, 128 Ohio St.3d 135, 2010-Ohio-6318.]

*R.C. 9.68 is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home-rule authority.*

(No. 2009-2280 — Submitted October 12, 2010 — Decided December 29, 2010.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 92663,

185 Ohio App.3d 59, 2009-Ohio-5968.

_____

SYLLABUS OF THE COURT

R.C. 9.68 is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority.

_____

LUNDBERG STRATTON, J.

{¶ 1}   Today this court must decide whether R.C. 9.68, a statute enacted by the General Assembly in 2006 that provides that only federal or state regulations can limit an Ohioan's individual right to bear arms, is a general law. We hold that R.C. 9.68 is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority.

## I.  Procedural History

{¶ 2}   In 2006, the General Assembly enacted R.C. 9.68 as a component of Sub.H.B. No. 347, effective March 14, 2007, recognizing that the right to keep and bear arms is a "fundamental individual right" that is a "constitutionally protected right in every part of Ohio" but that there was a "need to provide uniform laws throughout the state" regulating ownership and possession of firearms. R.C. 9.68(A), 151 Ohio Laws, Part IV, 8138, 8139.

**{¶ 3}** Before the General Assembly enacted R.C. 9.68, the city of Cleveland, plaintiff-appellee, enacted several ordinances regulating firearms, including Cleveland Codified Ordinances 627.08 (possession of firearms by minors), 627.09 (possessing deadly weapons on private property), 627.10 (possessing certain weapons at or about public places), 627A.02 (access to firearms, prohibiting children's access to firearms), 628.03 (unlawful conduct, prohibiting possession and sale of assault weapons), and 674.05 (registration of handguns).

**{¶ 4}** In March 2007, the city filed a complaint against the state of Ohio, defendant-appellant, seeking a declaration that R.C. 9.68 (1) is an unconstitutional infringement of Cleveland's home rule powers under Section 3, Article XVIII of the Ohio Constitution, (2) is an abuse of legislative power, and (3) violates the single-subject provision of Section 15(D), Article II of the Ohio Constitution. The trial court denied the city's motion for summary judgment and granted the state's motion for summary judgment. The trial court concluded that based on this court's holding in *Ohioans for Concealed Carry, Inc. v. Clyde*, 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, R.C. 9.68 is constitutional and does not violate the Home Rule Amendment to the Ohio Constitution. The trial court further held that R.C. 9.68 is a "general law that is part of a comprehensive statewide legislative enactment," that Sub.H.B. No. 347 did not violate the single subject rule, and that the General Assembly did not abuse its legislative power in enacting the law.

**{¶ 5}** The Cuyahoga County Court of Appeals reversed the judgment of the trial court and remanded the cause for entry of summary judgment in favor of the city. In so ruling, the court of appeals held that R.C. 9.68 is not a general law, that it unconstitutionally limits municipalities' home rule powers, and that it violates the separation of powers doctrine of the Ohio Constitution. We accepted

the state's discretionary appeal. For the reasons that follow, we reverse the judgment of the court of appeals.

## II. Law and Analysis

{¶ 6} We begin by recognizing the fundamental principle that a court must "presume the constitutionality of lawfully enacted legislation." *Arnold v. Cleveland* (1993), 67 Ohio St.3d 35, 38, 616 N.E.2d 163, citing *Univ. Hts. v. O'Leary* (1981), 68 Ohio St.2d 130, 135, 22 O.O.3d 372, 429 N.E.2d 148, and *Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 396, 16 O.O.3d 430, 405 N.E.2d 1047. Therefore, we begin by presuming that R.C. 9.68 is constitutional, and so it "will not be invalidated unless the challenger establishes that it is unconstitutional beyond a reasonable doubt." Id. at 39. See also *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142, 57 O.O. 134, 128 N.E.2d 59, paragraph one of the syllabus.

{¶ 7} Section 3, Article XVIII of the Ohio Constitution, commonly known as the Home Rule Amendment, gives municipalities the "authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Today we must determine whether R.C. 9.68 is a general law.

{¶ 8} We first turn to the words of the statute in question. R.C. 9.68 provides:

{¶ 9} "(A) The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. Except as specifically provided by the United States Constitution,

Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition."

{¶ 10} Traditionally, we have used a three-part test to evaluate conflicts under the Home Rule Amendment. A state statute takes precedence over a local ordinance when "(1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute." *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 17.

{¶ 11} The first and third parts of the analysis are not involved in this case. The city acknowledges that its firearm ordinances are an exercise of municipal police power. Further, the city does not argue that its local firearm ordinances do not conflict with R.C. 9.68. Thus, our focus is on the second part of the home rule analysis, which involves determining whether R.C. 9.68 is a general law.

*A. Is R.C. 9.68 a General Law for Purposes of*

*Home Rule Analysis?*

{¶ 12} "A general law has been described as one which promotes statewide uniformity." *Ohio Assn. of Private Detective Agencies, Inc. v. N. Olmsted* (1992), 65 Ohio St.3d 242, 244, 602 N.E.2d 1147. "Once a matter has become of such general interest that it is necessary to make it subject to statewide control as to require uniform statewide regulation, the municipality can no longer legislate in the field so as to conflict with the state." *State ex rel. McElroy v. Akron* (1962), 173 Ohio St. 189, 194, 19 O.O.2d 3, 181 N.E.2d 26.

{¶ 13} In *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, this court held that to constitute a general law for purposes of home-rule analysis, a statute must "(1) be part of a statewide and comprehensive

4

legislative enactment, (2) apply to all parts of the state alike and operate uniformly throughout the state, (3) set forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary or similar regulations, and (4) prescribe a rule of conduct upon citizens generally." *Canton* at syllabus.

**{¶ 14}** Applying the *Canton* test, the court of appeals concluded that R.C. 9.68 is not a general law, because it failed the first, third, and fourth prongs of the *Canton* test. For the reasons that follow, we disagree.

1. Statewide and Comprehensive Legislative Enactment

**{¶ 15}** Under the first prong of the *Canton* test, we must examine whether R.C. 9.68 is part of a statewide and comprehensive legislative enactment. The court of appeals held that Sub.H.B. No. 347 pertains to a matter of statewide concern but that it is not comprehensive, because it leaves a "great deal of firearm activity unregulated." *Cleveland v. State*, 185 Ohio App.3d 59, 2009-Ohio-5968, 923 N.E.2d 183, ¶ 19. Specifically, the court held that Sub.H.B. No. 347 did not address discharge of firearms, possession and sale of assault weapons, carrying firearms in public places, possession and use of firearms by minors, registration of handguns, registration and licensing of firearm dealers, licensing of firearm owners, and background checks for firearm purchasers. Id. at ¶ 20.

**{¶ 16}** In *Clyde*, this court held that "[t]he General Assembly reiterated the need for uniformity in R.C. 9.68(A), which represents an attempt by that body to nullify all municipal laws impeding uniform application of the state statute." *Clyde*, 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, at ¶ 40. In addition to pointing to the words of the statute, we concluded that "[t]he General Assembly could not have been more direct in expressing its intent for statewide comprehensive handgun-possession laws." Id. at ¶ 41. Thus, this court held that R.C. 2923.126, "which regulates handgun possession as part of the licensing procedure," was a statewide comprehensive legislative enactment. Id.

**{¶ 17}** Therefore, today we reaffirm what we held in *Clyde*—that R.C. 9.68 is part of a comprehensive statewide legislative enactment—and we hold that the court of appeals erred in analyzing R.C. 9.68 in a vacuum. There are a host of state and federal laws regulating firearms. For example, statutes prohibit possession of firearms in specific places. See, e.g., R.C. 1547.69 (vessels), 2921.36 (detention and mental health facilities), 2923.121 (liquor establishments), 2923.122 (school zones), and 2923.123 (courthouses). Other statutes preclude discharge of firearms in certain locations. See, e.g., R.C. 1541.19 (state parks), 2909.08 (airports), 2923.16 (motor vehicles), 2923.161 (habitation structures), and 2923.162 (cemeteries, schoolhouses, churches, dwellings, charitable institutions, and public roads).

**{¶ 18}** In addition, there are statutes that prohibit certain persons from possessing firearms. See, e.g., R.C. 2923.13 (felons and incompetents), 2923.15 (persons under the influence of drugs or alcohol), and 2923.211 (minors). Further, state law bans the acquisition and possession of certain firearms, such as automatic firearms, sawed off firearms, zip guns, and semiautomatic weapons. R.C. 2923.11(E) and (K) and R.C. 2923.17. Other statutes preclude the reckless transfer of a firearm to a person with a disability, R.C. 2923.20, preclude the defacement of identification marks on firearms, R.C. 2923.201, authorize interstate firearm transactions, R.C. 2923.22, and specify that locking devices be offered with all firearm sales, R.C. 2923.25.

**{¶ 19}** Other state statutes establish a framework of laws regarding carrying concealed handguns. See, e.g., R.C. 2923.125 (licensing procedures) and 2923.126 (listing of places where carrying concealed handguns is prohibited and where it is permitted). Still other statutes enhance criminal sentences when a defendant commits certain offenses with a firearm. See, e.g., R.C. 2941.141 (one-year prison term for general firearm specification), 2941.144 (six-year prison term for possessing an automatic firearm or a firearm with a muffler), 2941.145 (three-

year prison term for displaying or brandishing a firearm), 2941.146 (five-year prison term for discharging a firearm from a motor vehicle), and 2941.1412 (seven-year prison term for discharging a firearm at police officers or corrections officers).

{¶ 20} Finally, our state firearm laws also integrate federal firearm laws. See, e.g., R.C. 2923.22(C). Federal laws impose mandatory background checks for firearm purchasers and prohibit persons with certain disabilities (such as prior felony convictions, mental defects, or illegal alien status) from possessing firearms. Section 922(g),(s), and (t), Title 18, U.S.Code. Federal laws also require firearm dealers to meet specific qualifications and obtain a license, and they criminalize the transport and sale of firearms by unlicensed persons. Sections 922(a) and 923, Title 18, U.S.Code. In addition, federal law requires that the sale of two or more firearms be reported to the attorney general and state law enforcement, Section 923(g)(3)(A), Title 18, U.S.Code, and requires that records of importation, production, shipment, receipt, sale, or other disposition of firearms be maintained. Section 923(g)(1), Title 18, U.S.Code.

{¶ 21} A comprehensive enactment need not regulate every aspect of disputed conduct, nor must it regulate that conduct in a particularly invasive fashion. See *Marich v. Bob Bennett Constr. Co.*, 116 Ohio St.3d 553, 2008-Ohio-92, 880 N.E.2d 906, ¶ 20 ("There is no requirement that a statute must be devoid of exceptions to remain statewide and comprehensive in effect"). " '[C]omprehensive' does not mean 'perfect.' " *Dayton v. State*, 157 Ohio App.3d 736, 2004-Ohio-3141, 813 N.E.2d 707, ¶ 89. Nor does "comprehensive" mean "exhaustive." And the fact that regulations of firearms appear in various code chapters does not nullify the fact that they are all part of a comprehensive enactment concerning firearms. This court, in *Am. Fin. Servs. Assn. v. Cleveland*, 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, held that the General Assembly had enacted comprehensive consumer mortgage lending regulations

even though the applicable provisions–R.C. 1.63 and 1349.25 through 1349.37–were codified in two different chapters.  Id. at ¶ 33.

{¶ 22}  Again, we hold that the court of appeals erred in considering R.C. 9.68 in isolation.  In *Clermont Environmental Reclamation Co. v. Wiederhold* (1982), 2 Ohio St.3d 44, 2 OBR 587, 442 N.E.2d 1278, when considering whether a statute prohibiting regulation of properly licensed hazardous waste disposal facilities by a political subdivision was a valid general law, we held that "[t]he section of law questioned * * * should not be read and interpreted in isolation from the other sections [of the Revised Code Chapter] dealing with the state's control of the disposal of hazardous wastes.  All such sections read *in pari materia* do not merely prohibit subdivisions of the state from regulation of these facilities.  Conversely, the statutory scheme contained in this chapter is a comprehensive one enacted to insure that such facilities are designed, sited, and operated in the manner which best serves the statewide public interest."  Id. at 48.

{¶ 23}  "Considered in isolation, * * * a provision may fail to qualify as a general law because it prohibits a municipality from exercising a local police power while not providing for uniform statewide regulation of the same subject matter."  *N. Olmsted*, 65 Ohio St.3d 242, 245, 602 N.E.2d 1147.  Rather than considering R.C. 9.68 in pari materia with other statutes regulating firearms, the court of appeals considered the provision in isolation, leading to the erroneous conclusion that the statute is not part of a statewide comprehensive legislative enactment regulating firearms.

{¶ 24}  We note that when we determined in *Clyde* that R.C. 9.68 is part of a statewide and comprehensive legislative enactment, we took into account that the General Assembly had "express[ed] its intent for statewide comprehensive handgun possession laws."  *Clyde*, 120 Ohio St.3d 96, 2008-Ohio-4605, 896 N.E.2d 967, ¶ 41.  The General Assembly indicated that its intent in enacting R.C. 9.68 was "to provide uniform laws throughout the state" for firearm ownership

and possession. R.C. 9.68(A). Moreover, statements made on the floor of the House of Representatives and the Senate reflect the General Assembly's belief that the legislation would bring uniformity to the state, superseding the existing patchwork of local firearm ordinances, which varied from one jurisdiction to the next. See statements of Representative Jim Aslanides, House Session, Mar. 8, 2006, 126th General Assembly and Senator Jim Jordan, Senate Session, Nov. 29, 2006, 126th General Assembly.

{¶ 25} We reaffirm the holding that R.C. 9.68 is part of a statewide comprehensive legislative enactment.

### 2. Uniform Operation Throughout the State

{¶ 26} As noted by the court of appeals, it is undisputed that R.C. 9.68 meets the second prong of the *Canton* test. The statute applies to all parts of the state and operates uniformly.

### 3. Establishes Police Regulations Rather Than Granting or Limiting Municipal Legislative Power

{¶ 27} Under the third prong of the *Canton* test, a general law must set forth police, sanitary, or similar regulations rather than simply granting or limiting municipal legislative power. The court of appeals held that R.C. 9.68 attempts to curtail the city's home rule police powers without enacting legislation to remedy the purported ill of a confusing patchwork of municipal regulations involving firearms. The appellate court once again found that R.C. 9.68 has many gaps, and to support that holding, it relied on Justice O'Connor's concurring opinion in *Cincinnati v. Baskin*, 112 Ohio St.3d 279, 2006-Ohio-6422, 859 N.E.2d 514, wherein she stated: "In comparison to other states, Ohio has barely touched upon the subject of firearm possession, use, transfer, and ownership." Id. at ¶ 53.

{¶ 28} However, the fact that some states have more regulations than Ohio does not warrant a conclusion that Ohio's statutory scheme for regulating firearms is not comprehensive, nor does it mean that R.C. 9.68 does not set forth a

police regulation. We conclude that R.C. 9.68 establishes police regulations rather than limiting municipal legislative power.

4. Prescribes a Rule of Conduct Upon Citizens Generally

{¶ 29} The court of appeals held that R.C. 9.68 does not prescribe a rule of conduct upon citizens generally but instead limits lawmaking by municipal legislative bodies. However, we note again that the court of appeals erred in considering R.C. 9.68 in isolation rather than as part of Ohio's comprehensive collection of firearm laws. In *Am. Fin. Servs.* and *Mendenhall,* this court looked to other statutes regulating the same subject to determine whether the particular statute in question prescribed a rule of conduct upon citizens generally. See *Am. Fin.,* 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, ¶ 36, and *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 27. Thus, when we consider the entire legislative scheme, as we must, we conclude that when interpreted as part of a whole, R.C. 9.68 applies to all citizens generally.

*B. Separation of Powers Analysis*

{¶ 30} In addition to regulating possession and ownership of firearms, R.C. 9.68 also provides: "In addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section." R.C. 9.68(B).

{¶ 31} The court of appeals held that the General Assembly's decision to include a provision that awards attorney fees and costs to prevailing plaintiffs in R.C. 9.68 invades the province of the judiciary. The court held that the provision unconstitutionally "usurp[ed] judicial discretion in the award of attorney's fees and costs" and "invite[d] unwarranted litigation and attempt[ed] to coerce municipalities into repealing or refusing to enforce longstanding local firearm

regulations." *Cleveland v. State*, 185 Ohio App.3d 59, 2009-Ohio-5968, 923 N.E.2d 183, ¶ 33 and 34. Again, we disagree.

{¶ 32} The General Assembly has enacted many statutes that provide for the award of attorney fees and costs to parties who prevail in certain types of cases, as a means to deter certain conduct. See, e.g., R.C. 149.43(C)(2)(b) (public records request,; 13010.06(D) (unconscionable consumer leases), 1345.75(A) (nonconforming motor vehicle law, i.e., "Lemon Law"), 2151.23(G) (child support contempt proceedings), 2743.48(F)(2) (wrongful imprisonment), and 3105.18(G) (spousal support contempt proceedings), to name a few. In addition, the General Assembly has enacted statutes, such as R.C. 1345.09, which is part of the Consumer Sales Practices Act, that authorize treble damages awards against defendants for certain statutory violations.

{¶ 33} Moreover, in *Sorin v. Warrensville Hts. School Dist. Bd. of Edn.* (1976), 46 Ohio St.2d 177, 75 O.O.2d 224, 347 N.E.2d 527, this court considered whether a statute authorizing a court to grant "the relief prayed for in the petition as may be proper in accordance with the evidence" impliedly permitted the trial court, in the exercise of its equitable powers, to permit the recovery of attorney fees in situations where the public policy of the state would otherwise be subverted. This court held that it did not: "The General Assembly has expressly provided for the recovery of attorney fees, as part of the costs of litigation, with respect to certain statutory actions. See, e. g., R.C. 163.21, 309.13, 733.61, 1313.51, 5519.02. See, also, *Billington v. Cotner* (1974), 37 Ohio St.2d 17 [66 O.O.2d 9, 305 N.E.2d 805]; *State, ex rel. White, v. Cleveland* (1973), 34 Ohio St.2d 37 [63 O.O.2d 79, 295 N.E.2d 665]; *Shuey v. Preston* [(1961), 172 Ohio St. 413, 17 O.O.2d 258, 177 N.E.2d 789]. In light of the expressed precedent in this state, *State, ex rel. Michaels v. Morse* [165 Ohio St. 599, 60 O.O. 531, 138 N.E.2d 660], we defer to the General Assembly on the matter of statutory authorization of recovery of attorney fees as part of the costs of litigation." Id. at 180.

**{¶ 34}** Thus, the General Assembly is clearly within its legislative authority to authorize the award of attorney fees and costs in R.C. 9.68(B). Therefore, R.C. 9.68's authorization for awards of attorney fees and costs does not violate the separation of powers doctrine.

### III. Conclusion

**{¶ 35}** R.C. 9.68 addresses the General Assembly's concern that absent a uniform law throughout the state, law abiding gun owners would face a confusing patchwork of licensing requirements, possession restrictions, and criminal penalties as they travel from one jurisdiction to another. We hold that R.C. 9.68 is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority. Moreover, we hold that the authorization for awards of attorney fees and costs in R.C. 9.68 does not violate the separation of powers doctrine. Accordingly, we reverse the judgment of the court of appeals and remand the cause to the court of appeals for it to address the city's assignment of error that Sub.H.B. No. 347 violates the one subject rule, an issue which the court of appeals previously held to be moot.

Judgment reversed
and cause remanded.

O'CONNOR, O'DONNELL, LANZINGER, and CUPP, JJ., concur.

BROWN, C.J., and PFEIFER, J., dissent.

_____

**PFEIFER, J., dissenting.**

**{¶ 36}** The Home Rule Amendment, Section 3, Article XVIII, Ohio Constitution, states: "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary, and other similar regulations, as are not in conflict with general laws."

{¶ 37} In *Am. Fin. Servs. Assn. v. Cleveland*, 112 Ohio St.3d 170, 2006-Ohio-6043, 858 N.E.2d 776, ¶ 31, the court stated: "A statement by the General Assembly of its intent to preempt a field of legislation is a statement of legislative intent * * * but does not trump the constitutional authority of municipalities to enact legislation pursuant to the Home Rule Amendment * * *." From this, I conclude that the General Assembly is incapable of casting a preemption blanket over an entire field.

{¶ 38} The key issue when analyzing whether a local ordinance is a proper subject of home rule is whether the ordinance conflicts with general laws. Id. In *Cincinnati v. Hoffman* (1972), 31 Ohio St.2d 163, 169, 60 O.O.2d 117, 285 N.E.2d 714, we stated that "in order for * * * a conflict to arise, the state statute must positively permit what the ordinance prohibits, or vice versa, regardless of the extent of state regulation concerning the same object." We have also stated that "[n]o real conflict can exist unless the ordinance declares something to be right which the state law declares to be wrong, or vice versa." *Struthers v. Sokol* (1923), 108 Ohio St. 263, 268, 140 N.E. 519. When applying legal tests, such as the test set forth in *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963, ¶ 9, it is possible to overlook the commonsense principles that undergird the test. It is not enough to determine that R.C. 9.68 is a general law or that R.C. 9.68 is extensive; the Cleveland ordinances must be shown to conflict with the statute. In this case, I conclude that the Cleveland ordinances do not conflict with R.C. 9.68, because they does not permit something that the statute forbids or vice versa. *Sokol* at paragraph two of the syllabus.

{¶ 39} Paragraph three of the syllabus in *Sokol* is even more specific; it states: "A police ordinance is not in conflict with a general law upon the same subject merely because certain specific acts are declared unlawful by the ordinance, which acts are not referred to in the general law * * *." I believe that R.C. 9.68 infringes upon municipalities' constitutional home-rule rights by

preventing them from tailoring ordinances concerning the regulation of guns to local conditions. I dissent.

BROWN, C.J., concurs in the foregoing opinion.

_____

Robert J. Triozzi, Cleveland Law Director, and Gary S. Singletary, Assistant Law Director, for appellee.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, David M. Lieberman, Deputy Solicitor, and Pearl M. Chin, Assistant Attorney General, for appellant.

McNamee & McNamee, P.L.L., Cynthia P. McNamee, and Michael P. McNamee, urging affirmance for amicus curiae city of Englewood.

Bingham McCutchen, L.L.P., William F. Abrams, Karen Lu, and Christopher Chang; and David Cannon, urging affirmance for amici curiae Legal Community Against Violence, Ohio Coalition Against Gun Violence, Brady Center to Prevent Gun Violence, Coalition to Stop Gun Violence, States United to Prevent Gun Violence, Violence Policy Center, Ohio State University Youth Violence Prevention Advisory Board, National Council of Jewish Women Cleveland Section, Ohio State Public Affairs of the National Council of Jewish Women, Toledo Area Ministries, Toledo Police Patrolman's Association, city of Akron, city of Cincinnati, city of Columbus, city of East Cleveland, city of Parma, city of Shaker Heights, and village of New Albany.

Schottenstein, Zox & Dunn Co., L.P.A., Stephen L. Byron, Rebecca K. Schaltenbrand, and Stephen J. Smith; and John Gotherman, urging affirmance for amicus curiae Ohio Municipal League.

Lydy & Moan, Ltd., Daniel T. Ellis, and Frederick E. Kalmbach, urging reversal for amicus curiae National Rifle Association of America, Inc.

Wildman, Harrold, Allen & Dixon, L.L.P., and James B. Vogts; and Lawrence G. Keane, urging reversal for amicus curiae National Shooting Sports Foundation, Inc.

_____