[Cite as *Ohioans for Concealed Carry, Inc. v. Oberlin*, 2017-Ohio-36.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

OHIOANS FOR CONCEALED CARRY, INC., et al.

      Appellants

      v.

CITY OF OBERLIN, OHIO

      Appellee

C.A. No.     15CA010781

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    13CV181618

DECISION AND JOURNAL ENTRY

Dated: January 9, 2017

---

CANNON, Judge.

{¶1} Plaintiffs-Appellants Ohioans for Concealed Carry, Inc., Brian J. Kuzawa, and Janae R. Kuzawa (collectively "OCC") appeal the judgment of the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm in part, and reverse in part.

I.

{¶2} Mr. and Mrs. Kuzawa were frequent visitors to Oberlin city parks. On August 2, 2013, Mr. Kuzawa noticed a sign in an Oberlin park indicating that firearms were not permitted in the park. Mr. Kuzawa believed that the ordinance conflicted with R.C. 9.68 and contacted the police about it. He additionally brought the issue to the attention of Oberlin City Council and Ohioans for Concealed Carry, Inc., the latter of which he was a member. Ohioans for Concealed Carry, Inc., is a not-for-profit corporation that advocates for and protects the right of the people to keep and bear arms.

{¶3} On October 1, 2013, OCC filed a complaint against Oberlin seeking a declaratory judgment that Oberlin Codified Ordinances 927.07 (prohibiting the possession of firearms in city parks and recreation areas) and 375.03 were unlawful and in violation of R.C. 9.68. OCC additionally sought a permanent injunction against the enforcement of the ordinances and a declaration that it had prevailed in a challenge to the ordinances and, therefore, was entitled to recover costs, expenses, and attorney fees pursuant to R.C. 9.68(B).

{¶4} Shortly thereafter, on October 3, 2013, OCC amended its complaint, pointing out that Oberlin had amended the language of Oberlin Codified Ordinance 927.07 to prohibit the *unlawful* possession of firearms in city parks and recreation areas. Additionally, OCC alleged that Oberlin Codified Ordinances 927.07, 549.02, 549.04, 549.10, 549.12, as well as other unspecified ordinances, were unlawful and in violation of R.C. 9.68, and that it was entitled to declaratory relief, a permanent injunction, and attorney fees. Oberlin filed an answer and counterclaim for declaratory judgment, essentially agreeing that a controversy existed over whether Oberlin Codified Ordinance 927.07, as amended, was in conflict with R.C. 9.68. Oberlin attached a copy of the amended ordinance to its pleading which indicated that the prior version conflicted with R.C. 9.68. The amendment was enacted on September 16, 2013, and became effective October 16, 2013.

{¶5} On November 18, 2013, Oberlin adopted a resolution repealing Oberlin Codified Ordinances 549.02 through 549.07, 549.10, and 549.12. Thereafter, Oberlin filed a motion for partial summary judgment asserting that the declaratory judgment action was moot with respect to any alleged conflict between R.C. 9.68 and the repealed ordinances. OCC opposed the motion and also filed a motion for summary judgment. OCC maintained that, because Oberlin repealed Oberlin Codified Ordinances 549.02 through 549.07, 549.10, and 549.12 after the case was

commenced, OCC prevailed in a challenge to those ordinances and was entitled to an award of attorney fees. It additionally argued that Oberlin Codified Ordinance 927.07, as amended, violated R.C. 9.68. Finally, OCC sought a declaration that Oberlin Codified Ordinance 927.07, as amended, was unconstitutionally vague. In support of its motion for summary judgment, OCC submitted two affidavits and also minutes from several Oberlin City Council meetings in an effort to demonstrate that Oberlin repealed the ordinances because of the lawsuit. Subsequently, Oberlin filed another motion for summary judgment arguing that Oberlin Codified Ordinance 927.07, as amended, did not conflict with R.C. 9.68.

{¶6} In ruling on the pending motions, the trial court determined that there was no longer a controversy involving the repealed ordinances, that Oberlin Codified Ordinance 927.07 was lawful and constitutional, and that, with respect to the award of attorney fees under R.C. 9.68(B), OCC was not a prevailing party, and therefore was not entitled to an award of attorney fees.

{¶7} OCC has appealed, raising three "[i]ssue[s]" for our review, which will be addressed out of sequence to facilitate our analysis.[1]

II.

## ASSIGNMENT OF ERROR II

[OBERLIN'S] LAST REMAINING ORDINANCE CONCERNING FIREARMS IN CITY PARKS IS PROHIBITED BY R.C. []9.68.

---

[1] OCC lists seven assignments of error in its statement of assignments of error; however, the argument of its brief only lists and discusses three topics framed as "Issue[s.]" *See* App.R. 16(A)(7). For purposes of this appeal, we will consider OCC's three issues as its assignments of error.

{¶8} In its second assignment of error, OCC argues that the trial court erred in concluding that the amended version of Oberlin Codified Ordinance 927.07 did not conflict with R.C. 9.68.

{¶9} We review an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶10} Pursuant to Civ.R. 56(C), summary judgment is proper only if:

> No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-93 (1996). "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*. at 293. If the moving party fulfills this burden, then the burden shifts to the nonmoving party to prove that a genuine issue of material fact exists. *Id*.

{¶11} With respect to actions for declaratory judgment, "an appellate court * * * should apply an abuse-of-discretion standard in regard to the trial court's holding concerning the appropriateness of the case for declaratory judgment, i.e., the matter's justiciability, and should apply a de novo standard of review in regard to the trial court's determination of legal issues in

the case." *Arnott v. Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1; *Salim v. Smith,* 9th Dist. Lorain No. 15CA010790, 2016-Ohio-2764, ¶ 21.

**{¶12}** The question before this Court is whether Oberlin Codified Ordinance 927.07 as amended conflicts with R.C. 9.68.

**{¶13}** "Section 3, Article XVIII of the Ohio Constitution, commonly known as the Home Rule Amendment, gives municipalities the 'authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.'" *Cleveland v. State,* 128 Ohio St.3d 135, 2010-Ohio-6318, ¶ 7, quoting Article XVIII, Section 3, Ohio Constitution.

**{¶14}** "A home-rule analysis presents a three-step process. The first step is to determine whether the ordinance at issue involves an exercise of local self-government or an exercise of local police power." (Internal quotations and citations omitted.) *Ohioans for Concealed Carry, Inc. v. Clyde,* 120 Ohio St.3d 96, 2008-Ohio-4605, ¶ 24. "If the ordinance is one relating solely to matters of self-government, the analysis stops, because the Constitution authorizes a municipality to exercise all powers of local self-government within its jurisdiction." (Internal quotations and citations omitted.) *Clyde* at ¶ 24.

**{¶15}** The parties do not dispute that the ordinance is an exercise of police power. *See id.* at ¶ 34. "The second step, which becomes necessary if the local ordinance is an exercise of police power, requires a review of the statute to determine whether it is a general law[.]" *Id.* at ¶ 25. The Supreme Court of Ohio has already determined that R.C. 9.68 "is a general law that displaces municipal firearm ordinances and does not unconstitutionally infringe on municipal home rule authority." *Cleveland* at syllabus.

{¶16} "The final step in the analysis, therefore, is to determine whether the ordinance conflicts with the statute, i.e., whether the ordinance permits or licenses that which the statute forbids * * *, and vice versa." (Internal quotations and citations omitted.) *Clyde* at ¶ 26; *see also State ex rel. Morrison v. Beck Energy Corp.,* 143 Ohio St.3d 271, 2015-Ohio-485, ¶ 24.

{¶17} R.C. 9.68(A) provides:

> The individual right to keep and bear arms, being a fundamental individual right that predates the United States Constitution and Ohio Constitution, and being a constitutionally protected right in every part of Ohio, the general assembly finds the need to provide uniform laws throughout the state regulating the ownership, possession, purchase, other acquisition, transport, storage, carrying, sale, or other transfer of firearms, their components, and their ammunition. *Except as specifically provided by the United States Constitution, Ohio Constitution, state law, or federal law, a person, without further license, permission, restriction, delay, or process, may own, possess, purchase, sell, transfer, transport, store, or keep any firearm, part of a firearm, its components, and its ammunition.*

(Emphasis added.)

{¶18} Oberlin Codified Ordinance 927.07 as amended states in relevant part that, "[t]he unlawful possession, use or discharge of any type of a firearm * * * within a City park or recreation area is strictly forbidden. * * * The term 'firearm' as used in this section shall have the same meaning as in Ohio R.C. 2923.11."

{¶19} The trial court concluded that Oberlin's ordinance "complements rather than conflicts with R.C. 9.68." We agree with the trial court that the ordinance does not conflict with the statute. The Ohio Supreme Court has concluded that, "the General Assembly, by enacting R.C. 9.68(A), gave persons in Ohio the right to carry a handgun unless federal or state law prohibits them from doing so." *Clyde,* 120 Ohio St.3d 96, 2008-Ohio-4605, at ¶ 20. "A municipal ordinance cannot infringe on that broad statutory right." *Id.* The Supreme Court has concluded that R.C. 9.68 and R.C. 2923.16 evidence the "General Assembly's intent to occupy the field of handgun possession in Ohio[.]" *Id.* at ¶ 29. Nonetheless, we are equally mindful that

"[a] statement by the General Assembly of its intent to preempt a field of legislation is a statement of legislative intent that may be considered in a home-rule analysis but does not dispose of the issue." (Internal quotations and citations omitted.) *Id.* Thus, the General Assembly's intent to occupy the field of handgun possession in Ohio, "does not trump the constitutional authority of municipalities to enact legislation pursuant to the Home Rule Amendment, provided that the local legislation is not in conflict with general laws." (Internal quotations and citation omitted.) *Id.*

**{¶20}** Here, we conclude that Oberlin Codified Ordinance 927.07 does not prohibit that which R.C. 9.68(A) permits or vice versa. *See Clyde* at ¶ 26. Oberlin Codified Ordinance 927.07 prohibits only the "unlawful" possession, use, or discharge of firearms in a city park or recreation area. Unlawful has been defined as "[n]ot authorized by law; illegal[.]" *Black's Law Dictionary* 1574 (8th Ed.2004). We see nothing in the language of Oberlin Codified Ordinance 927.07 that prohibits conduct authorized by R.C. 9.68(A), particularly given that R.C. 9.68(A) authorizes the unrestricted possession, purchase, sale, transfer, transport, or storage of any firearm *except* as provided by state or federal law.

**{¶21}** Thus, we cannot say that that trial court erred in finding Oberlin Codified Ordinance 927.07 valid and not in conflict with R.C. 9.68(A). Therefore, we overrule OCC's second assignment of error.

<u>**ASSIGNMENT OF ERROR I**</u>

> [OBERLIN] REFUSED FOR SEVEN YEARS TO COMPLY WITH R.C. []9.68 AND REPEALED ITS UNLAWFUL FIREARM ORDINANCES ONLY AFTER IT WAS SUED BY [OCC]. THE CASE IS NOT MOOT BECAUSE [OCC] [IS] ENTITLED TO DECLARATORY JUDGMENT, ATTORNEY FEES AND COSTS.

{¶22} OCC argues in its first assignment of error that the trial court erred in concluding its challenges to the repealed ordinances were moot. Additionally, OCC contends that, because Oberlin repealed the ordinances after OCC initiated this action, OCC had prevailed in a challenge and was, therefore, entitled to an award of attorney fees pursuant to R.C. 9.68(B). There is no dispute that Oberlin Codified Ordinances 549.02-549.07, 549.10, and 549.12 were repealed at the November 2013 city council meeting.

{¶23} As we noted above, "the abuse-of-discretion standard applies to the review of a trial court's holding regarding justiciability; [and,] once a trial court determines that a matter is appropriate for declaratory judgment, its holdings regarding questions of law are reviewed on a de novo basis." *Arnott,* 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 13. "To be justiciable, a controversy must be grounded on a present dispute, not on a possible future dispute." *Kincaid v. Erie Ins. Co.,* 128 Ohio St.3d 322, 2010-Ohio-6036, ¶ 17.

{¶24} OCC's amended complaint sought declarations that the now-repealed ordinances were unlawful and in violation of R.C. 9.68. Because the ordinances have been repealed, we conclude that no justiciable controversy remains. OCC's assertion that Oberlin *might* at some time in the future enact or reenact ordinances that violate R.C. 9.68 is too speculative to constitute a present dispute. *See Smolak v. Columbus,* 10th Dist. Franklin No. 07AP-373, 2007-Ohio-4671, ¶ 12-14. Accordingly, the trial court did not abuse its discretion in concluding no justiciable controversy remained with respect to whether the now-repealed ordinances violated R.C. 9.68.

{¶25} Nonetheless, OCC argues that it is still entitled to a declaration that it prevailed in a challenge under R.C. 9.68(B) and thus is also entitled to an award of attorney fees and costs.

Because we conclude a genuine issue of material fact remains on this point, we agree that Oberlin was not entitled to summary judgment on this issue.

{¶26} R.C. 9.68(B) states that, "[i]n addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section."

{¶27} OCC argues that it did prevail in a challenge because Oberlin only repealed the ordinances after OCC initiated this suit. Thus, OCC argues it caused the repeal of the ordinances, and thus, prevailed in a challenge. OCC additionally points out that R.C. 9.68(B), unlike many statutes related to attorney fees, does not refer to a prevailing party, an action, or a judgment. *See* R.C. 9.68(B). In the trial court, OCC submitted two affidavits and minutes from several city council meetings in support of its arguments. The affidavits and minutes together detailed OCC's efforts to have the ordinances repealed prior to filing suit and evidenced some of the reactions of members of city council to OCC's efforts.

{¶28} Neither "prevail" nor "challenge" is defined in the statute, and thus, we look to the ordinary meaning of the words. *Anderson v. Barclay's Capital Real Estate, Inc.,* 136 Ohio St.3d 31, 2013-Ohio-1933, ¶ 16, 29. "[P]revail" has been defined as "[t]o obtain the relief sought in an action; to win a lawsuit[.]" *Black's Law Dictionary* 1226 (8th Ed.2004). "[C]hallenge" has been defined as "[a]n act or instance of formally questioning the legality or legal qualifications of a person, action or thing[.]" *Black's Law Dictionary* 244 (8th Ed.2004).

{¶29} While these definitions could possibly lead to an interpretation that would not extend recovery to OCC under the circumstances, it is important to keep in mind not only the summary judgment standard, but also the opening language of R.C. 9.68(A) in evaluating R.C. 9.68(B). R.C. 9.68(A) makes a very strong statement about the individual right to keep and bear

arms. It also recognizes the need for uniform laws with regard to all aspects of gun ownership, possession, sale, etc. It provides that only state and federal constitutional and statutory provisions will control.

The importance placed upon this provision is amplified by subsection (B), which makes the award of attorney fees mandatory if any person or entity "prevails in a challenge to an ordinance * * * as being in conflict" with the statute. R.C. 9.68(B). The intention here is also quite clear. It is to deter municipalities from maintaining ordinances that conflict with, or impose additional requirements on the aspects of gun ownership enumerated in subsection (A). If municipalities could simply avoid any exposure for fees under the statute by repealing the ordinance at issue after suit was filed but prior to judgment, a person or entity challenging the ordinance would always lose. This is because the person or entity would have to incur both fees and costs to enforce what the legislature clearly intended. Subsection (B) is clearly intended to avoid that result.

{¶30} In support of its request for summary judgment on the attorney fee issue, Oberlin cited two unreported common pleas cases in support of its position. Both cases are clearly distinguishable. The first is *Buckeye Firearms Foundation, Inc., v. Cleveland,* Cuyahoga C.P. No. CV 09 685734. In that case, plaintiff filed suit in March of 2009 against the City of Cleveland challenging its ordinance. However, Cleveland had filed a declaratory judgment suit two years earlier in March of 2007 against the State of Ohio seeking to have R.C. 9.68 declared unconstitutional. When the Ohio Supreme Court ultimately ruled against Cleveland in *Cleveland,* 128 Ohio St.3d 135, 2010-Ohio-6318, that decision resolved the claims of *Buckeye.* The trial court essentially held that the *State of Ohio* prevailed in the suit against Cleveland, not

*Buckeye.* If *Buckeye* had simply waited to see the outcome of the Cleveland litigation, no lawsuit would have been necessary at all. That result is both logical and understandable.

{¶31} In the second case, *Ohioans for Concealed Carry, Inc. v. Campbell,* Mahoning C.P. No. 10 CV 1487, the plaintiff filed suit in April of 2010. The suit was served on the City of Campbell on May 20, 2010. Four weeks prior to being served with the complaint, the city repealed its ordinance. In addition, the Ohio Supreme Court decision in the *Cleveland* case was not issued until December 29, 2010.

{¶32} We have a much different scenario here. In the amended complaint, OCC alleged that Oberlin was aware that its ordinances were unlawful, and that "* * * despite [OCC's] efforts to have the ordinances repealed or properly amended, [Oberlin] * * * abjectly refused to take appropriate action." Because Oberlin did not repeal the ordinances, suit was filed. OCC submitted evidentiary materials that show it made clear communication to Oberlin prior to filing suit about the ordinances in question. The minutes from the meetings of council and other evidence OCC filed during its summary judgment motion practice suggest the ordinances were repealed as direct result of the lawsuit filed by OCC herein. In other words, there was some evidence presented that, but for this lawsuit, the ordinances might well still be in effect. Accordingly, a trier of fact could conclude that OCC accomplished by filing the lawsuit what it could not accomplish without it. We thus disagree that "relief sought" has to be given in the form of a court order. *See Black's* at 1226. If it did, it would appear that one could never "prevail" in a challenge such as this because a city could simply repeal an ordinance in conflict with the state and federal laws after suit was filed. *See id.* The legislature could not have intended that result given its clear statement of intention. *See* R.C. 9.68(A). Using the definition of "prevail" set forth above, and based on the record before us, we determine a question of fact

exists that must be resolved by a factfinder. *See Black's* at 1226. The question is whether OCC "obtain[ed] the relief sought" by virtue of filing the lawsuit. Accordingly, we sustain OCC's first assignment of error to the extent discussed above and remand the matter to the trial court.

## ASSIGNMENT OF ERROR III

[OBERLIN'S] PARK ORDINANCE IS UNCONSTITUTIONALLY VAGUE.

{¶33} OCC asserts in its third assignment of error that Oberlin Codified Ordinance 927.07 is unconstitutionally vague and the trial court erred in failing to declare it unconstitutional.

{¶34} First, we note that it is not clear from the trial court's entry that it addressed this issue. While the trial court in its judgment entry did declare Oberlin Codified Ordinance 927.07 to be valid and constitutional, it appears that it was only concluding that Oberlin Codified Ordinance 927.07 did not conflict with R.C. 9.68(A). Its reference to constitutionality appears to be in direct response to Oberlin's counterclaim seeking a determination that Oberlin Codified Ordinance 927.07 was valid and constitutional because it did not conflict with R.C. 9.68(A). The trial court never mentions OCC's argument that Oberlin Codified Ordinance 927.07 was unconstitutionally vague.

{¶35} We conclude that the trial court did not err in failing to address OCC's argument because the trial court was without jurisdiction to do so. OCC did not in its complaint or amended complaint seek a declaration that Oberlin Codified Ordinance was unconstitutionally vague. In fact, it did not raise this issue until it moved for summary judgment.

{¶36} There is no dispute that OCC's action is one seeking declaratory judgment. R.C. 2721.12(A) states that:

> Subject to division (B) of this section, when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that

would be affected by the declaration shall be made parties to the action or proceeding. Except as provided in division (B) of this section, a declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding. In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, *if any* statute or the *ordinance* or franchise *is alleged to be unconstitutional*, *the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard.* In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.

(Emphasis added.)

{¶37} In interpreting a prior version of the statute that was more ambiguous and only required that the attorney general "be served with a copy of the proceeding[,]" the Supreme Court nonetheless concluded that "party who is challenging the constitutionality of a statute must assert the claim in the complaint (or other initial pleading) or an amendment thereto, and must serve the pleading upon the Attorney General in accordance with methods set forth in Civ.R. 4.1 in order to vest a trial court with jurisdiction under R.C. 2721.12." *Cicco v. Stockmaster,* 89 Ohio St.3d 95, 97 (2000). "The issue is not properly put before a court in a motion for summary judgment." *Id.* at 99. While *Cicco* only dealt with a challenge to the constitutionality of a statute, given the language of R.C. 2721.12, which also refers to ordinances, it is reasonable to apply the holding of *Cicco* to challenges to the constitutionality of ordinances.

{¶38} Here, OCC did not assert in its complaint or amended complaint a claim that the ordinance was unconstitutionally vague, and accordingly, OCC could not have served the attorney general with a copy of a pleading that would have provided the attorney general with notice of OCC's claim that the ordinance was unconstitutionally vague.[2] Therefore, the trial

---

[2] We note that the record reflects that the attorney general did receive service of Oberlin's counterclaim with respect to the dispute over whether the ordinance conflicted with R.C. 9.68(A). The attorney general filed a notice indicating that it was declining to participate in the

court lacked jurisdiction to consider this claim. *See id.* at 100; *see also Czech v. Northwood,* 6th Dist. Wood No. WD-08-045, 2008-Ohio-6801, ¶ 6. Accordingly, this issue is likewise not properly before us. *See Cicco* at 100-101. OCC's third assignment of error is overruled on that basis.

## III.

**{¶39}** In light of the foregoing, OCC's second and third assignments of error are overruled. OCC's first assignment of error is sustained to the extent discussed above. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this opinion..

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

---

proceedings because it involved a local ordinance. However, the attorney general reserved the right to participate at a later time.

Costs taxed equally to both parties.

_____

TIMOTHY P. CANNON
FOR THE COURT

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

**{¶40}** I concur with the lead opinion's resolution of the second and third assignments of error. I concur in judgment only as it relates to the first assignment of error because I would analyze it differently.

**{¶41}** I agree that the trial court's judgment related to attorney fees must be reversed. In its order, the trial court decided as a matter of law that OCC was not entitled to attorney fees. The lead opinion applies the summary judgment standard and concludes that a genuine issue of material fact remains on this point. I would instead reverse the trial court's judgment and remand for the trial court to consider this question in the first instance. *State v. Bracy*, 9th Dist. Lorain Nos. 15CA010788 and 15CA010795, 2016-Ohio-7536, ¶ 21. "[W]hen the trial court fails to address a claim in the first instance, we are left with no choice but to reverse the judgment and remand the matter for the trial court to address it." *Wilmoth v. Akron Metro. Hous. Auth.*, 9th Dist. Summit No. 27746, 2016-Ohio-3441, ¶ 25. Because I agree that the trial court erred when it found OCC was not entitled to attorney fees as a matter of law, I would reverse that part of its judgment and remand for the trial court to address it.

MOORE, J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶42} I concur with the most of the lead opinion's analysis. However, I respectfully dissent from the lead opinion's determination that a genuine issue of material fact remains with respect to whether OCC is entitled to an award of attorney fees pursuant to R.C. 9.68(B). I would conclude that, as a matter of law, OCC is not entitled to an award of attorney fees.

{¶43} I agree with the definitions used by the lead opinion. Nonetheless, I would conclude that when those definitions are considered in light of the statutory language, the plain language of the statute does not contemplate recovery under the circumstances of this case. R.C. 9.68(B) states that, "[i]n addition to any other relief provided, the court shall award costs and reasonable attorney fees to any person, group, or entity that prevails in a challenge to an ordinance, rule, or regulation as being in conflict with this section."

{¶44} Here, prior to the trial court determining whether Oberlin Codified Ordinances 549.02-549.07, 549.10, and 549.12 conflicted with R.C. 9.68(A), Oberlin repealed those ordinances. Thus, the trial court never determined whether the repealed ordinances conflicted with the statute. In its amended complaint, OCC sought declarations *by the trial court* that the now-repealed ordinances were unlawful as being in conflict with R.C. 9.68(A) and an injunction *issued by the trial court* barring enforcement of those ordinances. OCC did not "prevail[]" in a "challenge" as it did not obtain the relief it sought in its amended complaint. *See* R.C. 9.68(B). Moreover, Oberlin did not repeal the ordinances because of any judicial determination that a conflict exists; instead, it repealed the ordinances prior to any ruling by the trial court on the issue. Given the language of the statute, I cannot say that it is sufficient to submit evidence that the filing of the lawsuit *may* have caused Oberlin to repeal its ordinance. Had the legislature intended to provide OCC with relief under the circumstances of this case, it could have clearly

indicated that intention in the plain language of R.C. 9.68(B). As it did not do so, I cannot conclude that attorney fees are authorized. Therefore, I would affirm the trial court's judgment in its entirety.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

DAVID S. KESSLER, Attorney at Law, for Appellants.

ABRAHAM CANTOR, Attorney at Law, for Appellee.

JON D. CLARK, Law Director, for Appellee.